T. R. Barth & Associates, Appellee, *v.* Marginal Enterprises, Inc., et al., Appellants.

(No. 34844—Decided May 20, 1976.)

*Mr. Mario C. Ciano*, for appellee.
*Mr. A. J. Nuccio* and *Mr. Nathan Simon*, for appellant.

KRENZLER, J. On November 4, 1969, T. R. Barth & Associates, hereinafter referred to as Barth, filed a "Petition to Foreclose Mechanic's Lien" on a parcel of land owned by the appellee, Marginal Enterprises, Inc., hereinafter referred to as Marginal, in the Cuyahoga County Common Pleas Court. Barth alleged that Marginal owed it money for work performed on the land under a contract to build a car wash for Marginal. Barth further alleged that it had filed a mechanic's lien on the property. It requested that the mechanic's lien be foreclosed and the premises sold. Named as defendants in the action along with Marginal were the Union Commerce Bank, Frank M. Brennan (the Cuyahoga County Treasurer) and the appellant, George Brentar, dba G & B Asphalt Co., hereinafter referred to as

G & B Asphalt or G & B, all of whom were alleged to have an interest in the parcel of land.

On November 14 and December 8, 1969, respectively, Frank M. Brennan and the Union Commerce Bank filed answers and cross-petitions to Barth's petition to foreclose. In their cross-petitions, they requested payment from the proceeds of the sale of the land.

On December 16, 1969, G & B Asphalt filed an answer and a cross-petition against Barth, Marginal, the other defendants, and two new party defendants. The cross-petition contained two causes of action. In its first cause of action, G & B named as new party defendants, Lynn Telling and Edward Ryska, dba Euclid Wash and Fill, whom it claimed owed it money under a contract for services performed on the parcel of land. In its second cause of action, G & B alleged that it had performed work on the land and that it had a mechanic's lien on the land.

Marginal filed its answer and a cross-petition against Barth on February 14, 1970. In its answer Marginal alleged that it did not owe Barth any money. In its cross-petition, Marginal alleged that it suffered damage due to Barth's breach of contract.

On February 20, 1970, Marginal filed an answer to G & B Asphalt's cross-petition in which it alleged that it did not owe G & B any money. In addition, Marginal filed a cross-petition against G & B Asphalt in which it alleged that it was damaged due to G & B's breach of contract and negligence.

By journal entry dated February 21, 1973, the Common Pleas Court dismissed Barth's petition to foreclose, and the cross-petition of Marginal against Barth. The order of dismissal specifically stated that it was made without prejudice to further proceedings on the cross-petitions of the Union Commerce Bank, G & B Asphalt and Frank M. Brennan, County Treasurer.

On April 28, 1975 a jury trial was conducted on G & B Asphalt's cross-petition as it related to Marginal and on Marginal's cross-petition against G & B. On April 30, 1975, judgment was entered for G & B Asphalt in the sum

of $500 on its cross-petition and for Marginal in the sum of $3,000 on its cross-petition.

The cross-petition of G & B Asphalt as it related to the new party defendants, Lynn Telling and Edward Ryska, dba Euclid Wash and Fill, the cross-petition of the Union Commerce Bank and the cross-petition of Frank M. Brennan have not been adjudicated by the Common Pleas Court.

On May 22, 1975, G & B Asphalt filed a notice of appeal from the April 30, 1975, judgment of the Common Pleas Court and assigns two errors for this court's consideration:

1. The trial court's final order of April 30, 1975, finding for the defendant-appellee, Marginal Enterprises, Inc., in the sum of Three Thousand Dollars ($3,000) on its cross-petition, is contrary to the evidence and contrary to law, and is prejudicial to defendant-appellant.

2. The trial court's final order of April 30, 1975, is contrary to the evidence and contrary to law, and is prejudicial to the defendant-appellant in that the verdicts of the jury were so inconsistent as to indicate that the jury did not comprehend the issues.

The immediate issue presented in this case is whether there is a final judgment or final appealable order which vests this court with jurisdiction. This question is raised because we are dealing with what is commonly called a Civil Rule 54(B) case. A Civil Rule 54(B) case is one where there are multiple claims and/or multiple parties and judgment is entered for less than all of the claims or less than all of the parties.

Rule 54(B) of the Ohio Rules of Civil Procedure provides:

"Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties, only upon an express determination that there is no just reason for

delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.''

The general rule is that when there are multiple claims in an action, such as a claim, counterclaim, cross-claim or third-party claim, or when there are multiple parties, a court's order or decision is not a final judgment until there is an entry of judgment adjudicating all of the claims and the rights and liabilities of all of the parties. If a trial court enters judgment as to some of the claims or some of the parties but not as to all of the claims and all of the parties, it may change, modify or revise such judgment at any time before it enters judgment as to the remaining claims or parties.

But if a trial court enters judgment as to some of the claims or some of the parties, but not as to all of the claims and all of the parties, there may be a hardship or an injustice to the parties for whom judgment was entered in delaying the final judgment until an order or decision is made as to the remaining claims or the remaining parties. Under these circumstances, a trial court has discretion to immediately enter final judgment as to the claims and parties for whom judgment was entered. This is done by the trial court making an express determination that there is no just reason for delay. This determination means that there is no just reason to delay entering final judgment as to the claims or parties for which or whom an order or decision has been made until judgment is entered for the remaining claims or parties. The adding of this language to a judgment entry makes an order or decision as to some of the claims or some of the parties a final judgment. Thus, a losing party will be permitted to take an immediate appeal. Whether or not the losing party takes an appeal, the determination will permit the prevailing party to attempt to enforce his judgment.

In summary, whenever there are multiple claims and/or multiple parties there is a final judgment and final appealable order only if: (1) the trial court enters judgment as to all of the claims and all of the parties; or (2) the trial court enters judgment for less than all of the claims and/or all of the parties but expressly determines that there is no just reason for delay.

Conversely stated, if a trial court enters judgment on less than all of the claims and/or for less than all of the parties when there are multiple claims or multiple parties in a case, and the trial court does not include in its judgment an express determination that there is no just reason for delay, such judgment shall not terminate the action as to any of the claims or parties and will not be considered a final judgment and final appealable order. Under these circumstances an appellate court will not have jurisdiction to entertain an appeal on any of the adjudications and any such appeal must be dismissed for lack of jurisdiction.

In the present case, in which there are both multiple claims and multiple parties, the Common Pleas Court did not enter judgment on all the claims and as to all of the parties; namely, it did not enter judgment on the cross-petition of G & B Asphalt against Lynn Telling and Edward Ryska, on the cross-petition of the Union Commerce Bank, or on the cross-petition of Frank M. Brennan. Also, it did not make an express determination that there is no just reason for delay. Consequently, the Common Pleas Court did not enter a final judgment. There is no final appealable order that may be reviewed by this court.

*Appeal dismissed.*

DAY, P. J., and CORRIGAN, J., concur.