BODO, Admr., Appellant,

v.

NATIONWIDE INSURANCE COMPANY, Appellee.

[Cite as *Bodo v. Nationwide Ins. Co.* (1991), 75 Ohio App.3d 499.]

Court of Appeals of Ohio,
Trumbull County.

No. 90–T–4447.

Decided Aug. 12, 1991.

500

*William C.H. Ramage,* for appellant.

*Joyce K. Laybourn,* for appellee.

---

FORD, Presiding Judge.

This appeal emanates from the trial court's entertainment of a motion for reconsideration, in which the court reversed its prior declaratory ruling that coverage existed under a contract of insurance between appellant, Alexander Bodo (administrator), and appellee, Nationwide Insurance Company.

On January 29, 1987, Betty Bodo (deceased) was shot in the head while driving her automobile. The estate of Betty Bodo filed a claim with its insurer, appellee, for uninsured motorist coverage. Appellee denied coverage on the basis that the death of Mrs. Bodo did not arise out of "the ownership, maintenance or use" of the uninsured vehicle, as required by the terms of the contract of insurance.

On or about February 6, 1989, appellant filed a complaint for declaratory judgment in the trial court. On October 13, 1989, the court issued a journal entry in which it found that coverage existed and ordered that the parties were to proceed to arbitration pursuant to the policy provisions to consider damages under its coverage.

Appellee timely filed a notice of appeal to this court on November 3, 1989. On January 19, 1990, this court issued a memorandum opinion in which it held that the trial court's entry was not a final appealable order since it did not determine the action and prevent a judgment. This court discerned that the issue of damages was still pending, and dismissed the appeal.

On March 16, 1990, appellee filed a motion for reconsideration in the trial court, asserting that a recent Ohio Supreme Court case reversed the court of appeals' decision in *Grange Mut. Cas. Co. v. Uhrin* (1990), 49 Ohio St.3d 162, 550 N.E.2d 950, which the trial court had relied on to find that coverage existed under the set of facts and circumstances in the instant case.

The trial court considered the matter and determined that since its initial entry was not a final appealable order it retained jurisdiction. The trial court found that the law of Ohio regarding whether coverage results from an injury which occurs as a result of the discharge of a firearm is expressed in *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878, upon which the Supreme Court relied in *Uhrin.*

The trial court then vacated its initial order, which held that coverage existed, since it was in conflict with the recent *Howell* decision, which held that coverage did not exist when injury occurs in an automobile as a result of

a firearm being discharged. The court then dismissed the case with prejudice, and appellant timely filed the instant appeal, raising the following assignments of error:

"1. The trial court committed error prejudicial to the plaintiff-appellant when it agreed to reconsider its original judgment for the reason that such judgment was final and a trial court should not reconsider a final judgment based solely on a subsequent change in the law.

"2. The trial court committed error prejudicial to the plaintiff-appellant when it vacated its original judgment and summarily dismissed plaintiff-appellant's original action, since the trial court did not have sufficient facts before it upon which to base such dismissal."

In the first assignment of error, appellant argues that the trial court's entertainment of the motion for reconsideration was in error because the court's original order regarding the declaratory judgment on the issue of coverage was a final order. Essentially, appellant maintains that the motion for reconsideration was in reality a motion for relief from judgment because final orders may be vacated only pursuant to Civ.R. 60.

Based on appellant's analysis above, the question before this court is, first, what was actually before the trial court in the declaratory action; and, second, what was the effect of this court's memorandum opinion dismissing the appeal as not being a final appealable order.

Initially, in appellant's brief, he maintains that the only matter before the trial court was whether or not the insurance policy provided coverage under the circumstances of the case. According to appellant, once the trial court decided that coverage existed, it determined all of the issues raised by the parties before the trial court.

In appellant's complaint for declaratory judgment, the prayer for relief was as follows:

"WHEREFORE, plaintiff demands that the Court construe the uninsured contract, determine the rights of the parties thereto, and find that plaintiff's decedent is entitled to uninsured motorist coverage under said contract."

In its answer, appellee stated:

"WHEREFORE, for reasons alleged in the Answer, and for reasons which may be shown at the trial of this case, Nationwide prays for a declaration by the Court that the policy in question does not apply and does not provide coverage for the injuries and death of the Plaintiff's decedent, and that Nationwide has no obligation under its policy, all at no costs to Nationwide."

Further, the docket and journal entry note that after the pretrial was held and the trial briefs were filed, the case was "transferred to the docket of the

Honorable Judge Joseph P. Mallone for complete disposition including trial, if necessary."

██ Based on the foregoing chain of events, and contrary to appellant's assertion, the case did not require that the trial court determine only the existence of coverage. The trial court was also requested to construe the contract and determine the rights of the parties. After reviewing the contract, the court ordered the case to arbitration pursuant to the terms of the provisions which it had analyzed.

Additionally, it is obvious from the docket entry that the court was vested with jurisdiction over the entire case, including a trial if necessary.

Accordingly, appellant's argument, that the trial court's initial entry of October 13, 1989, which declared that coverage existed was a final entry, must fail because additional claims were before the trial court.

██ Second, the referenced entry was appealed to this court on November 3, 1989. By memorandum opinion, the appeal was dismissed because it was not a final appealable order since the issue of damages was still pending. *Bodo v. Nationwide Ins. Co.* (Jan. 22, 1990), Trumbull App. No. 89–T–4314, unreported, at 2, citing *Bellaire Bd. of Edn. v. Paxton* (1979), 59 Ohio St.2d 65, 13 O.O.3d 58, 391 N.E.2d 1021; *W. Am. Ins. Co. v. Mauer* (Dec. 18, 1987), Trumbull App. No. 3745, unreported.

This court's decision was never appealed further. Therefore, the law of the case applies as to the particular issue of whether the entry, regarding coverage, was a final appealable order. *Burton, Inc. v. Durkee* (1954), 162 Ohio St. 433, 55 O.O. 247, 123 N.E.2d 432. See, also, *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390; *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410.

The effect of this court's opinion was that it never entertained jurisdiction. *T.R. Barth & Assoc. v. Marginal Ent., Inc.* (1976), 48 Ohio App.2d 218, 223, 2 O.O.3d 182, 185, 356 N.E.2d 766, 769. Consequently, the trial court retained jurisdiction. *Id.*

" * * * [I]f a trial court enters judgment on less than all of the claims * * * and * * * does not include in its judgment an express determination that there is no just reason for delay, * * * an appellate court will not have jurisdiction to entertain an appeal on any of the adjudications and any such appeal must be dismissed for lack of jurisdiction." *T.R. Barth & Assoc., supra,* at 223, 2 O.O.3d at 185, 356 N.E.2d at 769.

Inasmuch as the law of the case on this matter is that there was never a final trial court order at that stage, and the trial court retained jurisdiction,

Civ.R. 54(B) was applicable because one of the claims had not been resolved, in particular, damages.

Civ.R. 54(B) provides in part that:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, *and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*"

Therefore, a motion for reconsideration was the proper recourse available to the parties at bar. In *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, the court noted that a motion for reconsideration after a final order is a legal nullity. The declaratory order in the instant case regarding coverage was in the nature of an interlocutory order. The court in *Pitts*, in a footnote, further stated that:

"Interlocutory orders are subject to motions for reconsideration, whereas judgments and final orders are not. This court is specifically denying motions for reconsideration in the trial court only after final judgments.

"Civ.R. 54(B) allows for a reconsideration or rehearing of interlocutory orders. The rule, when discussing interlocutory orders, states, in pertinent part, that they are 'subject to revision * * *.' Therefore, a motion for reconsideration would be the proper procedural vehicle for obtaining relief after interlocutory orders. * * *" *Id.* at 379–380, 21 O.O.3d at 239, 423 N.E.2d at 1106, fn. 1.

Contrary to appellant's contentions, appellee's motion was not a motion for vacation of judgment in disguise.

■ Appellant's second assertion is that a subsequent change in the law is not a valid basis for setting aside an earlier judgment. Again, appellant's argument is premised on the basis that appellee's motion was a Civ.R. 60(B) proceeding.

However, as we have already determined that this was a Civ.R. 54(B) motion, appellant's assertion is without merit. The general rule with regard to Civ.R. 54(B) is that "[i]f a trial court enters judgment as to some of the claims or some of the parties but not as to all of the claims and all of the parties, it may *change, modify* or *revise* such judgment at any time before it

enters judgment as to the remaining claims or parties." (Emphasis added.) *T.R. Barth & Assoc., supra,* 48 Ohio App.2d at 222, 2 O.O.3d at 185, 356 N.E.2d at 769.

Furthermore, under the doctrine of the law of the case, a lower court is free to change its rulings on all issues not complained of upon appeal and not previously decided as finally settled. *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 206, 537 N.E.2d 665, 668, citing *State ex rel. Stevenson v. Murray* (1982), 69 Ohio St.2d 112, 113, 23 O.O.3d 160, 161, 431 N.E.2d 324, 326; *Blackwell v. Internatl. Union, U.A.W.* (1984), 21 Ohio App.3d 110, 21 OBR 117, 487 N.E.2d 334.

Accordingly, since the Ohio Supreme Court announced a ruling which contradicted the ruling of the trial court while the action was still pending, the court was free to change its original order, pursuant to appellee's motion for reconsideration, per Civ.R. 54(B).

This court further observes that the trial court's revision regarding coverage was a matter of judicial economy. Once the case was resolved, appellee had the right of direct appeal. This appellate court is bound by the Supreme Court's last decision on the question involved, and thus would have had to apply the decision announced in *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878, which is the controlling law in Ohio. See *Milkovich v. News–Herald* (1989), 46 Ohio App.3d 20, 545 N.E.2d 1320.

The first assignment of error is without merit.

In the second assignment, appellant maintains that the trial court's action amounted to a summary judgment and, therefore, appellee was required to present evidence by depositions, affidavits, written stipulations, etc.

Appellant's assertion is incorrect. The exercise in question was a motion for reconsideration, based on a recent pronouncement by the Ohio Supreme Court. However, upon an examination and perusal of the record, this court notes that originally appellant filed a complaint requesting the court to declare the rights of the parties under a contract of insurance provided to appellant by appellee.

Pursuant to Civ.R. 10(D), it is incumbent upon a party to attach to the pleading the written instrument upon which the complaint is grounded. Appellant failed to attach a copy of the insurance policy and did not state in the complaint any reason for the omission as required under Civ.R. 10(D).

Furthermore, at the later pretrial conference, the policy was not provided or stipulated, nor does the record reveal that it was ever otherwise admitted into evidence.

■ Eventually, the insurance contract was submitted to the court attached to a trial memorandum. Materials attached to a trial memorandum are not considered evidence and therefore are not a part of the record to which the court may look for purposes of rendering judgment. See *East Ohio Gas Co. v. Walker* (1978), 59 Ohio App.2d 216, 13 O.O.3d 234, 394 N.E.2d 348.

■ Therefore, since appellant neither attached the insurance contract to the complaint nor caused its submission into evidence, the trial court was not in a position to enter a declaratory judgment based on the pleadings and the state of the record here.

■ The court below dismissed the case with prejudice. The action was on a complaint for declaratory judgment. In matters of declaratory judgment it is preferable to declare the rights of the parties and then enter judgment for one of the parties accordingly. *Fioresi v. State Farm Mut. Auto. Ins. Co.* (1985), 26 Ohio App.3d 203, 26 OBR 424, 499 N.E.2d 5.

Accordingly, we reverse and remand this cause in order for the court to declare the rights of the parties and enter judgment consistent with the foregoing analysis.

*Judgment reversed*
*and cause remanded.*

JOSEPH E. MAHONEY and NADER, JJ., concur.