Appellant, Vicki D. Treciak, appeals from a judgment of the Franklin County Court of Common Pleas that denied her request for a stay and dismissed her appeal filed pursuant to R.C.119.12. Appellant sets forth the following assignments of error:
 1. THE FRANKLIN COUNTY COURT OF COMMON PLEAS ERRED BY EXERCISING JURISDICTION OVER THE INSTANT CASE. INSTEAD THE COURT SHOULD HAVE STAYED THIS ACTION UNTIL CONCLUSION OF THE LICKING COUNTY LITIGATION OR A DEFINITIVE DETERMINATION BY THE OHIO SUPREME COURT.
 2. THE COURT BELOW ERRED BY CONCLUDING THAT APPELLANT DID NOT HAVE THE APPEAL RIGHTS OF A CLASSIFIED EMPLOYEE AND BY FAILING TO RECOGNIZE THAT O.R.C. § 124.328 IS NOT APPLICABLE AND DOES NOT PRECLUDE THIS APPEAL.
This case has a lengthy procedural history. In 1977, appellant was employed by the state of Ohio in the classified civil service. In October 1988, she transferred to the Ohio Department of Commerce as a Human Resource Specialist. Appellant's job classification was changed to Labor Relations Officer III, in March 1990. In May 1992, appellant was notified that her position was being changed from the classified to the unclassified civil service and she filed an appeal with the State Personnel Board of Review ("SPBR"), case No. 92MIS-05-312. This appeal was dismissed August 18, 1992, for the reason that appellant had suffered no adverse personnel action.
In November 1992, appellant was terminated from her position as a Labor Relations Officer III and again filed an appeal with the SPBR. An administrative law judge recommended that the appeal be dismissed for lack of jurisdiction, as SPBR only has jurisdiction to hear appeals from classified employees and the administrative law judge found appellant to be an unclassified employee. The SPBR overruled appellant's objections and adopted the decision of the administrative law judge and dismissed the appeal.
Appellant filed a notice of appeal in the Licking County Court of Common Pleas and that court affirmed the decision of the SPBR. Treciak v. Ohio Dept. of Commerce (July 27, 1994), Licking C.P. No. 94 CV 00104, unreported. Appellant then appealed to the Fifth District Court of Appeals. In Treciak v.Dept. of Commerce (Mar. 24, 1995), Licking App. No. CA00085, unreported ("Treciak I"), the court of appeals reversed the decision of the trial court. Relying in part on this court's decision in Esselburne v. Ohio Dept. of Agriculture (1985),29 Ohio App.3d 152, motion to certify overruled (Aug. 23, 1985), S.Ct. 85-1056, the Fifth District found that the change in appellant's status from a classified to an unclassified employee in May 1992, entitled appellant to exercise layoff rights as set forth in R.C. 124.321 et seq., and Ohio Adm. Code123:1-5-08. The court remanded the matter to SPBR "for hearing on appellant's layoff and bumping rights." A discretionary appeal to the Ohio Supreme Court was not allowed. Treciak v.Ohio Dept. of Commerce (1995), 73 Ohio St.3d 1453.
Following remand to the SPBR, appellee filed a motion to dismiss for lack of jurisdiction. The administrative law judge decided that the Fifth District Court of Appeals did not understand the holding in Esselburne and stated that "to hold that under Esselburne Appellant Treciak should have some kind of remedy to have her position abolished and to place her in a layoff status with displacement rights is erroneous." Thus, the administrative law judge concluded "she [appellant] has absolutely no layoff or bumping rights." The administrative law judge further concluded that appellant had been properly removed from her position as an unclassified employee, that she was not laid off and did not have her job abolished and, therefore, recommended that the appeal be dismissed. The SPBR adopted the report of the administrative law judge and appellant's appeal was dismissed.
Appellant filed a notice of appeal in Franklin County, pursuant to R.C. 119.12, and in Licking County, pursuant to R.C. 124.34. Appellee filed motions to dismiss in both courts. In her memorandum contra appellee's motion to dismiss in the Franklin County case, appellant requested the court stay proceedings pending resolution of the matter in Licking County. In October 1997, the Licking County Court of Common Pleas found that R.C. 119.12 governed appellant's appeal, that it lacked jurisdiction and, therefore, granted appellee's motion to dismiss. Treciak v. Ohio Dept. of Commerce (Oct. 28, 1997), Licking C.P. No. 97 CV 567, unreported.
Appellant again appealed to the Fifth District Court of Appeals. Treciak v. Ohio Dept. of Commerce (June 8, 1998), Licking App. No. 97CA152, unreported, discretionary appeal not allowed (1998), 83 Ohio St.3d 1463 ("Treciak II"). While her appeal was pending in the Fifth District Court of Appeals, the Franklin County Court of Common Pleas also granted appellee's motion to dismiss. The court found that appellant was not a classified employee and, therefore, had no right of appeal to the SPBR. The court rendered its decision June 2, 1998, and it was filed with the clerk June 3, 1998.
After the decision granting appellee's motion to dismiss was rendered in Franklin County but before the judgment entry was filed, the Fifth District Court of Appeals rendered its decision in Treciak II and again reversed the Licking County Court of Common Pleas. The Fifth District Court of Appeals determined that the issue of jurisdiction had been addressed and decided in its previous opinion which became the law of the case. The court stated "our decision remanded the matter to the Board with specific instructions on how to proceed further. It is not for either the Personnel Board of Review or the court of common pleas to reverse our decision and find we applied the incorrect statute. Only the Supreme Court may overrule our decision, and the Supreme Court declined to do so." The Fifth District again remanded to the SPBR.[1]
Inasmuch as the judgment entry had not been filed in the Franklin County case, appellant filed a motion to reconsider based on the decision in Treciak II and again requested a stay. Without ruling on the motion to reconsider, the trial court entered judgment sustaining appellee's motion to dismiss on June 18, 1998. This is the decision presently pending before this court.
In her first assignment of error, appellant contends the trial court abused its discretion by not staying the proceedings in Franklin County until the conclusion of the litigation in Licking County.
Appellant argues the trial court abused its discretion in refusing to grant a stay because, as between courts of concurrent jurisdiction, the court whose jurisdiction was first invoked acquires exclusive jurisdiction to adjudicate all issues between the parties. Appellee responds by arguing there is no concurrent jurisdiction between Franklin County and Licking County, that appellant failed to request a stay, that the motion to reconsider was not properly filed, and that the trial court's decision finding appellant was in the unclassified civil service was correct and, therefore, she had no right of appeal to SPBR.
Admittedly it would have been better practice for appellant to file a specific motion requesting a stay of proceedings, nonetheless, such relief was requested. Appellant requested a stay in her memorandum contra appellee's motion to dismiss filed October 20, 1997, again in a memorandum contra appellee's request for an extension to file a brief filed December 1, 1997, and again in the motion to reconsider filed August 7, 1998. Thus, appellant timely requested the court to stay the proceedings.
Likewise, appellant's motion for reconsideration was proper. In Worrell v. Daniel (1997), 120 Ohio App.3d 543, 552, this court stated:
 While appellants are correct that the Rules for Civil Procedure do not provide for a motion for reconsideration after judgment, this was not the case here. In Bodo v. Nationwide Ins. Co. (1991), 75 Ohio App.3d 499, 599 N.E.2d 844, the court found that filing a motion for reconsideration was appropriate where a court had entered a decision but had not yet put on a final entry of judgment. The court cited Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378, 379-380, 21 O.O.3d 238, 239, 423 N.E.2d 1105, 1106, fn. 1, which states:
 "Interlocutory orders are subject to motions for reconsideration, whereas judgments and final orders are not. This court is specifically denying motions for reconsideration in the trial court only after final judgments.
 "Civ.R. 54(B) allows for a reconsideration or rehearing of interlocutory orders. The rule, when discussing interlocutory orders, states * * * that they are 'subject to revision at any time before the entry of judgment adjudicating the claims and the rights and liabilities of all the parties.' Therefore, a motion for reconsideration would be the proper procedural vehicle for obtaining relief after interlocutory orders."
The determination of whether to issue a stay is generally within the discretion of the trial court and not subject to change absent an abuse of discretion. State ex rel. Verhovec v.Mascio (1998), 81 Ohio St.3d 334. An abuse of discretion is more than an error of law, it connotes a decision which is unreasonable, arbitrary or unconscionable. State ex rel. Askewv. Goldhart (1996), 75 Ohio St.3d 608, 610.
Appellant argues that, based on the rule of priority, Licking County, having first exercised jurisdiction over appellant's appeal, is entitled to exercise such jurisdiction to the exclusion of all other courts having concurrent jurisdiction. In Weenink Sons Co. v. Court of Common Pleas of Cuyahoga Cty.
(1948), 150 Ohio St. 349, the court held, at the syllabus:
 2. As between courts of concurrent jurisdiction, the one whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.
 3. When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings.
See, also, State ex rel. Phillips v. Polcar (1977), 50 Ohio St.2d 279.
The rule of priority becomes applicable when two actions are brought almost simultaneously, concerning the same subject matter between the same parties in courts of concurrent jurisdiction. A court which first properly obtains jurisdiction and issues orders, retains continuing and exclusive jurisdiction. Hardesty v. Hardesty (1984), 16 Ohio App.3d 56. Appellant filed a notice of appeal in both Franklin and Licking Counties, appealing her removal from her position as a Labor Relations Officer III. The notices of appeal were filed in both counties on the same date; however, for the rule of priority to be applicable, both courts must have concurrent jurisdiction.Michaels Bldg. Co. v. Cardinal Fed. S. L. Bank (1988),54 Ohio App.3d 180.
R.C. 124.34 and 119.12 provide for appeals from a decision of the SPBR. R.C. 124.34 provides that, in case of removal or reduction in pay for disciplinary reasons, an appeal may be filed in the employee's county of residence. In this instance, appellant is a resident of Licking County. R.C. 119.12 provides for an appeal in Franklin County from any party adversely affected by an order of an agency. In Davis v. Bd. of Review
(1980), 64 Ohio St.2d 102, the Ohio Supreme Court held that R.C. 124.34 and 119.12 were not intended to provide dual rights of appeal. Thus, jurisdiction in this instance is proper only in Licking County or only in Franklin County, not both. Since there is no concurrent jurisdiction between Licking County and Franklin County, the rule of priority is not applicable.
Although we disagree with appellant that the rule of priority required Franklin County to stay the action, we nonetheless find the court abused its discretion by refusing to grant such a stay. The purpose behind the rule of priority is to avoid the very situation that occurred here, that is, two courts issuing disparate judgments addressing the same subject matter between the same parties. The Fifth District Court of Appeals has twice determined that appellant had a right to appeal pursuant to R.C. 124.34 in Licking County and that she has a right to exercise lay off and bumping rights. Twice, the Ohio Supreme Court has refused to review that decision and, thus, it becomes the law of the case between appellant and the Ohio Department of Commerce. Even assuming arguendo this court would disagree with the decision in Treciak I and II, we have no authority to overrule the Fifth District Court of Appeals. The issues raised by appellant's appeal in Franklin County have been determined between the same parties twice and the lower court should have stayed its proceedings.
Therefore, appellant's first assignment of error is sustained. Given our disposition of appellant's first assignment of error, the issues raised in appellant's second assignment of error are not properly before the court and, therefore, it is overruled. This matter is remanded to the Franklin County Court of Common Pleas for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
BROWN and BRYANT, JJ., concur.
[1] The state has filed a motion for a writ of prohibition in the Ohio Supreme Court to prohibit SPBR from hearing appellant's appeal and the matter remains pending. State ex rel. Ohio Dept.of Commerce v. State Pers. Bd. of Review, S.Ct. 990541.