[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
This matter came to be considered upon a response filed by counsel for appellants on June 5, 2000 to an order issued by this court on May 22, 2000 in which we ordered appellants to show cause as to why this matter should not be dismissed for lack of a final appealable order. This matter is also before us upon a motion filed by counsel for appellee to strike the appellants' brief.
On August 3, 1999, Harold and Chris Pryor filed a complaint against Walker Brothers Oldsmobile-Jaguar ("Walker Brothers") in the Dayton Municipal Court alleging that Walker Brothers had made "unfair repair[s]" on their vehicle. On August 25, 1999, Walker Brothers filed an answer and counterclaim against the Pryors, arguing that the complaint was a "frivolous and baseless action" and requesting that the trial court dismiss the Pryor's complaint and award Walker Brothers its attorney's fees and costs incurred as a result of the complaint.
On February 1, 2000, the Pryors filed a motion for leave to amend their complaint. The motion was granted by the trial court and the Pryors filed an amended complaint on February 2, 2000, alleging that Walker Brothers had violated the Consumer Sales Practices Act, R.C. 1345.02 and 1345.03, and related provisions of the Ohio Administrative Code.
Also on February 2, 2000, Walker Brothers filed a motion for default judgment on its counterclaim, arguing that they should be awarded default judgment because the Pryors had failed to answer the counterclaim set forth in their answer.
On February 24, 2000, the trial court granted Walker Brothers' motion for default judgment on its counterclaim. In its entry granting default judgment, the trial court stated, "However, to effectuate a proper determination of damages, an assessment of damages hearing will occur in conjunction with trial."
Since the trial court granted default judgment to Walker Brothers on its counterclaim, the following has taken place: the Pryors have filed a motion for default judgment arguing that Walker Brothers failed to answer their first amended complaint; the Pryors have filed a motion for relief from the default judgment that was granted to Walker Brothers on its counterclaim; Walker Brothers has filed a motion to strike the Pryors' motion for default judgment; Walker Brothers has filed a motion for leave to file an answer instanter; the trial court has filed an entry granting Walker Brothers' motion to file an answer instanter; Walker Brothers has filed a first amended answer; Walker Brothers has filed a second amended answer; the Pryors have filed a motion for sanctions against Walker Brothers and request for hearing, arguing that Walker Brothers' counterclaim is "frivolous and baseless"; and Walker Brothers has filed a memorandum opposing the Pryors' motion for sanctions.
On March 22, 2000, the Pryors filed a notice of appeal of the trial court's February 24, 2000 entry granting default judgment on Walker Brothers' counterclaim.
On May 22, 2000, we sua sponte ordered the Pryors to show cause why their appeal should not be dismissed for lack of a final appealable order. Specifically, it appeared to us that the trial court's entry was not a final appealable order because claims remained pending in the case following the entry and the entry did not have Civ.R. 54(B) certification.
On June 5, 2000, the Pryors filed a response to our show cause order, arguing that the default judgment was, in fact, a final appealable order because the Pryors were "stripped of their complaint by the nature of the trial court's ruling" when the trial court granted default judgment on Walker Brothers' counterclaim which asserted that the Pryors' complaint was frivolous and baseless.
Civ.R. 54(B) states as follows:
 When more than one claim for relief is presented in an action whether as a claim [or] counterclaim, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
The trial court's entry granting default judgment to Walker Brothers on its counterclaim did not have an express determination that there was no just reason for delay. Further, it is clear from such order that fewer than all of the claims in the case had been adjudicated because the court expressly stated that damages would be determined at the trial. Thus, because fewer than all of the claims had been adjudicated, the trial court could change, modify, or revise its entry of default judgment at any time before it entered judgment on the remaining claims. See T. R. Barth Assoc. v. Marginal Enterp., Inc.
(1976), 48 Ohio App.2d 218, 222, 356 N.E.2d 766, 769. Numerous other claims and motions remained pending before the court in this case as well, as evidenced by the filings after the court's entry of default judgment, including an amended complaint, amended answers, and a motion for sanctions. Under these circumstances, we do not have jurisdiction to review the trial court's entry of default judgment on Walker Brothers' counterclaim. See id. at 223, 356 N.E.2d at 769.
Upon due consideration of the foregoing, we deem our show cause order not satisfied. Accordingly, this appeal is dismissed
for lack if a final appealable order pursuant to R.C. 2505.02 and Civ.R. 54(B).
On May 30, 2000, the Pryors filed their appellants' brief in this case. On June 12, 2000, Walker Brothers filed a motion to strike that brief, arguing that it had been untimely filed. Because we concluded, supra, that this case should be dismissed, Walker Brothers' motion is moot.
IT IS SO ORDERED.
 ____________________________________________________ THOMAS J. GRADY, Presiding and Administrative Judge
MIKE FAIN, FREDERICK N. YOUNG, Judges.