JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Quisi Bryan ("defendant"), appeals the trial court's dismissal of his petition for post-conviction relief. For the reasons set forth below, we dismiss his appeal for lack of a final appealable order.
 {¶ 2} Defendant was convicted of aggravated murder of a law enforcement officer and other offenses associated with events that occurred on June 25, 2000 and was subsequently sentenced to death. His conviction and sentence were affirmed upon direct appeal to the Supreme Court of Ohio in State v. Bryan (2004),101 Ohio St. 3d 272, 2004-Ohio-971, 804 N.E.2d 433. He then filed a petition for post-conviction relief with the Cuyahoga County Court of Common Pleas. On November 18, 2005, the trial court dismissed the petition and issued its Findings of Fact and Conclusions of Law. Defendant now appeals to this court.
 {¶ 3} We dismiss this appeal for lack of a final appealable order. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Section 3(B)(2), Article IV, Constitution.
 {¶ 4} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it * * * affects a substantial right in an action that in effect determines the action and prevents a judgment * * *." R.C.2505.02(B).
 {¶ 5} Civ.R 54(B) provides in pertinent part:
 {¶ 6} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third party claim * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 7} In the absence of a final appealable order, the appellate court does not possess jurisdiction to review the matter, and must dismiss the case sua sponte. St. Rocco's ParishFed. Credit Union v. Am. Online, 151 Ohio App.3d 428,2003-Ohio-420, 784 N.E.2d 200; Young v. Cincinnati Ins. Co.,
Cuyahoga App. No. 82395, 2003-Ohio-4196.
 {¶ 8} Ohio law is clear that when there are multiple claims in an action, a court's order is not a final appealable judgment unless there is an order determining all the claims and rights of the parties involved. See Article IV, Section 3(B)(2) Ohio Constitution; T.R. Barth Assoc. v. Marginal Enterprises
(1976), 48 Ohio App.2d 218, 356 N.E.2d 766; Purries v. Maduka
(Nov. 1, 1985), Cuyahoga App. No. 47826; Delaney v. Delaney
(Dec. 12, 1985), Cuyahoga App. No. 49915 (This court lacked jurisdiction over appeal because issues remained pending before the trial court and the court did not certify that there was no just reason for delay); Wherry v. Pickett's Superette (Apr. 23, 1987), Cuyahoga App. No. 53117, unreported, (A judgment which does not dispose of all the claims or parties in a given action, and where there is "no just reason for delay," is not a final order and, therefore must be dismissed by an appellate court for want of jurisdiction.) The purpose of a final appealable order is to prevent the case being taken to the court of appeals in fragments. See Squire v. Guardian Trust Co. (1946),147 Ohio St. 1, 68 N.E.2d 312.
 {¶ 9} The failure of the court to certify pursuant to Civ. R. 54(B) that there is "no just reason for delay" precludes this court from exercising jurisdiction. Whitaker Merrell Co. v.Geupel Construction Co., Inc. (1972), 29 Ohio St.2d 184,280 N.E.2d 922. Absent certification of a claim, pursuant to Civ. R. 54(B), the trial court retains the ability to modify, vacate, or certify its decision prior to deciding all pending claims.Delaney v. Delaney (Dec. 12, 1985), Cuyahoga App. No. 49915.
 {¶ 10} In the instant action, the trial court's Findings of Fact and Conclusions of Law state:
 {¶ 11} "On December 28, 2001, Petitioner filed a petition for post-conviction relief with this Court pursuant to R.C. 2953.21. Petitioner amended that petition on February 19, 2002, March 12, 2002, and on April 2, 2002."
 {¶ 12} The trial court failed to address the twelfth and thirteenth grounds for relief presented in appellant's amended petition for post-conviction relief filed on April 2, 2002. In so doing, the trial court failed to dispose of all claims pursuant to Civ.R. 54(B). Furthermore, the court did not make a determination that there was "no just reason for delay." Therefore, we are without jurisdiction to entertain the appeal from the November 18, 2005 judgment of the trial court. Accordingly, we dismiss this appeal.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Corrigan, J., concur.