[Cite as *State v. Dotson*, 2020-Ohio-3150.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0051** |
| BRYAN MITCHELL DOTSON, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2016 CR 00368.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} This appeal is taken from the Trumbull County Court of Common Pleas' dismissal of appellant, Bryan Mitchell Dotson's, Petition and Amended Petition for Postconviction Relief. Appellee, the state of Ohio, filed a motion in this court to dismiss the appeal for lack of a final, appealable order. Appellant has not responded to the motion.

{¶2} On February 19, 2019, appellant filed his Petition for Postconviction Relief. Appellant argued he received ineffective assistance of trial counsel, in violation of his federal and state constitutional rights, due to (1) trial counsel's failure to call a particular witness to testify on appellant's behalf and (2) trial counsel's failure to cross-examine state witnesses based upon discovery materials provided to the defense on the issue of whether one individual was an accomplice in the crimes charged.

{¶3} The state of Ohio filed a motion for summary judgment in the trial court on March 1, 2019.

{¶4} On March 11, 2019, with leave of court, appellant filed an Amended Petition for Postconviction Relief. Appellant added the additional argument that he received ineffective assistance of trial counsel due to (3) trial counsel's failure to provide evidence of malice and lack of credibility of the state's chief witness.

{¶5} The state of Ohio filed amended proposed findings of facts and conclusions of law on May 6, 2019.

{¶6} The trial court granted summary judgment in favor of the state and dismissed appellant's Petition and Amended Petition for Postconviction Relief, without a hearing, on July 9, 2019.

{¶7} The trial court's conclusions of law do not address the third ineffective assistance claim raised in appellant's Amended Petition, precipitating the state's motion to dismiss this appeal for lack of a final, appealable order.

{¶8} A postconviction proceeding is a collateral civil attack on the judgment of conviction. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). Rule 54(B) of the Ohio Rules of Civil Procedure provides:

> When more than one claim for relief is presented in an action, * * *
> the court may enter final judgment as to one or more but fewer than

2

all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * *, shall not terminate the action as to any of the claims * * *, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * *.

{¶9} An entry that enters final judgment as to fewer than all of the claims and that does not include Civ.R. 54(B) language stating "there is no just reason for delay" is not a final, appealable order. *Kessler v. Totus Tuus, L.L.C.*, 11th Dist. Ashtabula No. 2007-A-0028, 2007-Ohio-3019, ¶7 (citations omitted). In the absence of a final, appealable order, the appellate court is without jurisdiction to review the matter. *See* Ohio Const., Art. IV, Sec. 3(B)(2); R.C. 2505.02(B).

{¶10} Here, appellant presented three claims for relief in his Amended Petition. The trial court entered final judgment only as to two of those claims and did not make an express determination that "there is no just reason for delay." Accordingly, the July 9, 2019 entry did not terminate the postconviction proceeding and is subject to revision at any time. This court is therefore without jurisdiction to review the appeal taken from that entry. *See State v. Bryan*, 8th Dist. Cuyahoga No. 87482, 2006-Ohio-5022.

{¶11} The state of Ohio's motion to dismiss is hereby granted, and this appeal is dismissed for lack of a final, appealable order.

{¶12} APPEAL DISMISSED.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

3