**LEE et al., Appellants,**

v.

**JOSEPH HORNE CO., INC., Appellee.**

[Cite as *Lee v. Joseph Horne Co., Inc.* (1995), 99 Ohio App.3d 319.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 67245 and 67648.

Decided Jan. 5, 1995.

320

*Martha H. Krebs* and *Lester S. Potash,* for appellants.

*Quandt, Giffels & Buck Co., L.P.A.,* and *Jeffrey A. Schenk,* for appellee.

*Per Curiam.*

Plaintiffs-appellants Mary K. Lee ("Mary") and her husband Regis Lee ("Regis") timely appeal from two judgments of the Cuyahoga County Common Plea Court as follows: (1) an April 12, 1994 judgment granting the Civ.R. 60(B)(1) motion of defendant-appellee Joseph Horne Co., Inc. ("Horne"); and (2) a June 30, 1994 judgment dismissing Regis's claim but not Mary's claim without prejudice at plaintiffs' costs. The facts are not in dispute.

Mary was an employee of Jewel Masters of Pennsylvania, Inc. ("Jewel Masters"), which, pursuant to a license agreement, was permitted to offer jewelry for sale to the public on the premises of Horne. On November 8, 1991, Mary was injured at Horne while acting within the course and scope of her employment

with Jewel Masters. Specifically, the door of a jewelry case allegedly fell open, struck Mary and caused, *inter alia*, a fracture to her nose.

Thereafter, Mary and her husband Regis commenced the within personal injury action against only Horne. Mary sought $25,000 in damages for personal injury while Regis alleged loss of consortium and services of his wife and sought $15,000 in damages. On November 5, 1993, notice of the within complaint was served on Horne. Horne, however, failed to file an answer.

On January 3, 1994, nearly two months after the complaint had been filed, plaintiffs moved the trial court for default judgment on the ground that Horne failed to plead or otherwise defend. The trial court, on March 1, 1994, granted the motion for default judgment with respect to only one plaintiff and, in view of the circumstances that followed, we assume the judgment was in favor of Mary rather than Regis. The March 1, 1994 journal entry stated in relevant part as follows:

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that upon evidence, judgment is for *plaintiff* in the amount of Twenty Five Thousand Dollars ($25,000.00) and costs for which judgment is rendered and execution may issue." (Emphasis added.)

The trial court did not include "no just reason for delay" language in the journal entry; therefore, jurisdiction remained in the trial court. Civ.R. 54(B).

On April 6, 1994, Horne filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1). Horne's Civ.R. 60(B) motion was timely filed and alleged that Horne was entitled to relief from judgment pursuant to Civ.R. 60(B)(1) due to excusable neglect. However, Horne, in its motion to vacate judgment, failed to demonstrate that it had a meritorious defense or claim to present upon the granting of relief from the default judgment. Nevertheless, one day after the motion was filed, on April 7, 1994, the trial court granted Horne's motion to vacate judgment in an entry journalized April 12, 1994.

Thereafter, on April 13, 1994, plaintiffs filed a memorandum in opposition to Horne's motion for relief from judgment. In its opposition memorandum, plaintiffs argued against the granting of Horne's Civ.R. 60(B) motion to vacate judgment since Horne, *inter alia*, failed to demonstrate a meritorious claim or defense. On April 20, 1994, Horne filed a reply brief to plaintiffs' opposition memorandum. In its reply brief, Horne alleged, *inter alia*, it had several meritorious defenses to assert should relief from judgment be granted and claimed in a letter attached to the reply brief that Jewel Masters rather than Horne was the owner of the subject jewelry case.

On May 6, 1994, plaintiffs filed a notice of appeal, Cuyahoga App. No. 67245, to this court from the April 12, 1994 judgment granting Horne's motion to vacate.

Thereafter, on June 27, 1994, plaintiffs filed a notice of voluntary dismissal of only Regis Lee's cause of action, *i.e.*, for loss of his wife's consortium and services. On June 30, 1994, the trial court dismissed Regis Lee's cause of action and plaintiffs, thereafter, filed another notice of appeal on July 27, 1994, Cuyahoga App. No. 67648, from this judgment. The March 1, 1994 journal entry grant of default judgment now became a final appealable order. We then consolidated the appeals of May 6, 1994 (67245) and July 27, 1994 (67648).

Appellants' sole assignment of error follows:

"The trial court erred in granting defendant's motion for relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure."

This assignment lacks merit.

Before appellants' assignment of error is reviewed, it must first be determined whether this appellate court possesses subject matter jurisdiction to review the appeal *sub judice*. As noted *supra*, the trial court on March 1, 1994 granted default judgment to only Mary K. Lee and, thus, her husband's claims for loss of consortium and services remained unadjudicated.

Civ.R. 54(B) states as follows:

"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when *multiple parties are involved*, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, *shall not terminate the action as to any of the claims or parties*, and the order or other form of decision is *subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties*." (Emphasis added.)

■ In the case *sub judice*, the March 1, 1994 default judgment adjudicated fewer than all the claims. The journal entry did not contain "no just reason for delay" language. In accordance with Civ.R. 54(B), the default judgment, therefore, was an interlocutory order rather than a final appealable order. At this juncture, jurisdiction remained with the trial court.

In *Jarrett v. Dayton Osteopathic Hosp., Inc.* (1985), 20 Ohio St.3d 77, 20 OBR 407, 486 N.E.2d 99, the Ohio Supreme Court was faced with a similar situation, *viz.*, the issue of jurisdiction with respect to a judgment vacating an interlocutory order, and stated in its syllabus as follows:

"An order vacating a judgment that was entered against less than all the parties and in which the trial court did not make an express determination that there was 'no just reason for delay' is not a final, appealable order." See, also, *Matrka v. Stephens* (1991), 77 Ohio App.3d 518, 602 N.E.2d 1191.

■ Thus, it is clear that the April 7, 1994 judgment granting Horne's Civ.R. 60(B) motion to vacate judgment was itself an interlocutory order and not a final appealable order.

■ Nevertheless, on June 27, 1994 Regis voluntarily dismissed his claims and the trial court on June 30, 1994 so entered judgment. On June 30, 1994, therefore, the default judgment and the order vacating the default judgment became final appealable orders. Since appellants filed a timely notice of appeal from the dismissal entry, the appeal *sub judice* is properly before this appellate court.

■ In their sole assignment of error, appellants claim the trial court erred when it granted Horne relief from the default judgment since Horne failed to establish in its Civ.R. 60(B) motion that Horne had a meritorious claim or defense to present upon the granting of relief from judgment. It is axiomatic that in order to prevail on a Civ.R. 60(B) motion a movant must demonstrate the existence of all three elements, *viz.*, timeliness, grounds and a meritorious defense or claim to be presented if relief is to be granted. *Volodkevich v. Volodkevich* (1988), 35 Ohio St.3d 152, 518 N.E.2d 1208; *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113.

■ In the case *sub judice,* however, Civ.R. 54(B) rather than Civ.R. 60(B) is controlling. In *Jarrett, supra,* the Ohio Supreme Court stated in relevant part as follows:

"Because the judgment entry against [defendant] did not adjudicate the liabilities of all the parties and it did not contain the Civ.R. 54(B) words of 'no just reason for delay,' it was subject to modification. [Defendant's] *motion for relief was improperly labeled a Civ.R. 60(B) motion because it did not seek relief from a final judgment. The motion and the trial court's order vacating the judgment were instead authorized by Civ.R. 54(B)."* (Emphasis added.)

In *Bodo v. Nationwide Ins. Co.* (1991), 75 Ohio App.3d 499, 503–504, 599 N.E.2d 844, 847, the court stated in relevant part as follows:

"Inasmuch as the law of the case on this matter is that there was never a final trial court order at that stage, and the trial court retained jurisdiction, Civ.R. 54(B) was applicable because one of the claims had not been resolved * * *.

" * * *

"Therefore, a motion for reconsideration was the proper recourse available to the parties at bar. * * *

"Interlocutory orders are subject to motions for reconsideration, whereas judgments and final orders are not."

In the case *sub judice*, the trial court entered an interlocutory order on March 1, 1994 granting default judgment to only Mary K. Lee. Although Horne, on April 6, 1994, filed a Civ.R. 60(B) motion for relief from this default judgment, Horne's motion was merely a motion for reconsideration which was improperly labeled as a Civ.R. 60(B) motion. *Jarrett, supra; Bodo, supra.* The trial court, thus, was not required to apply the tripartite test relevant to a Civ.R. 60(B) motion articulated in *Volodkevich* and *GTE, supra*, when the trial court vacated the default judgment. On the contrary, the trial court was free to change its rulings on all issues in the case *sub judice* in accordance with Civ.R. 54(B) prior to entering final judgment.

Based upon the foregoing analysis, the trial court did not abuse its discretion when it vacated the default judgment upon Horne's motion for relief from judgment which was improperly labeled a Civ.R. 60(B) motion. Appellants' sole assignment of error lacks merit and, therefore, is overruled.

*Judgment affirmed.*

NAHRA, P.J., PATTON and KRUPANSKY, JJ., concur.