OPINION
{¶ 1} The plaintiff-appellant, Anita K. Beyke, now known as Anita K. Reed ("Reed"), appeals two judgments of the Court of Common Pleas, Union County, Ohio Division of Domestic Relations. Reed first appealed the March 22, 2005 judgment entry concerning the ruling on the objections to the magistrate's decision. Reed then appealed the April 29, 2005 judgment entry which is noticed as the final judgment in the case that was before the trial court.
 {¶ 2} Appellant, Reed and the Appellee, William B. Beyke ("Beyke") were divorced by decree of the Union County, Ohio Common Pleas Court on April 3, 1995. The parties are the parents of three children, two of whom are significantly disabled. The parties' decree provided that all health related expenses of the children, not covered by health insurance, including co-pays and exclusions, would be paid equally by the parties. In addition, the decree stated that spousal support would be provided to Reed for forty-eight (48) months, terminable upon Reed's remarriage or cohabitation with another adult male not otherwise related to Reed or terminable upon death of either party.
 {¶ 3} On July 16, 2004, Reed brought a verified motion for finding in contempt against Beyke in the Union County Court of Common Pleas. Reed claimed that Beyke had failed to pay one-half of the children's uncovered health care expenses over the course of approximately nine years. Specifically, Reed's pleading claimed that Beyke had failed to pay his court-ordered share of $19,213.15 of health related expenses for the children's needs, uncovered by insurance, for surgeries and procedures related to the conditions known as multiple epiphyseal dysplasia. Reed also specified Beyke's failure to pay $1,013.62 owed on a Visa account that was ordered by the court to be paid by Beyke under the divorce decree.
 {¶ 4} On July 22, 2004, a summons in contempt was issued by the trial court and the court issued a notice of hearing on August 3, 2004. On August 12, 2004, Beyke filed several motions including a cross motion in contempt against Reed, a motion to consolidate the contempt hearings, and a motion for payment of medical bills. Reed then filed a motion to dismiss Beyke's contempt motion on October 27, 2004. The August 12, 2004 contempt motion by Beyke contended that Reed owed money to Beyke for personal property distributions and for sums of withholding that were taken from Beyke's pay after spousal support had terminated. The trial court did not rule on Reed's motion.
 {¶ 5} Evidentiary proceedings began on October 27, 2004 and continued until December 7, 2004 and concluded on February 1, 2004. The trial court rendered a decision and adopted its findings as a judgment on February 7, 2005. The court determined that the parties' decree specified the equal division of uncovered health care expenses; that Beyke does not dispute his failure to pay certain uncovered health care expenses; that the sum of uncovered, unpaid expenses was one-half of $17,096.20 and that Beyke admitted he should have paid the Visa bill but failed to do so. The court also determined that Reed owed Beyke for the overpayment of spousal support and unpaid medical bills. Upon these findings, the trial court held both Beyke and Reed in contempt and ordered the payment of the calculated obligation of $7,855.64 to be paid by Beyke.[1]
 {¶ 6} Beyke filed objections to the decision on February 22, 2005 and the trial court overruled the objections by journal entry on February 23, 2005. Reed filed objections to the lower court findings on March 2, 2005, in accordance with Ohio Civil Rule 53. The objections included (1) that no specific court order notified Reed of the obligation to repay $500.00 of excess spousal support paid by Beyke, thus no contempt could be issued and (2) that no summons issued through the court notified Reed she may be subject to contempt for Beyke's motion for medical bill set-off. The trial court dismissed Reed's objections by a journal entry on March 22, 2005 without ruling on the merits. Instead, the trial court employed an interpretation of the signature requirements of Ohio Civil Rule 11 to dispense with the objections.
 {¶ 7} On March 23, 2005, Reed filed a motion to set aside that judgment purportedly under Ohio Civil Rule 60(B). The trial court did not rule on this motion until April 29, 2005. Prior to the ruling, Reed brought an appeal to this Court on April 21, 2005 as Case No. 14-05-13. The trial court took further action on the magistrate's decision and the purported 60(B) motion by journal entry on April 29, 2005. The journal entry restated the trial court's February 7, 2005 decision and entry. Following the April 29, 2005 entry, Reed brought an appeal to this Court on May 27, 2005 as Case No. 14-05-15.
 {¶ 8} Therefore, the two appeals were consolidated for briefing and record by Order dated June 3, 2005. Prior to addressing the merits of this case, we are required to consider our jurisdiction to review the appeals. In Case No. 14-05-13, appellant's notice of appeal was clearly premature due to the fact that the trial court had not yet adopted or incorporated the magistrate's recommendations into a final order. Pursuant to Civ.R. 53, the magistrate's decision shall be effective when it is adopted by the court. Thus, the final judgment is rendered on the case when the trial court judge adopts the decision or enters judgment on the magistrate's decision. See Civ.R. 54. In Case No. 14-05-13, the notice of appeal was premature because the judgment regarding the objections on March 22, 2005 was not considered a final judgment pursuant to R.C. 2505.02. Therefore, the appeal in Case No. 14-05-13 should be dismissed.
 {¶ 9} Therefore, the four assignments of error that Reed asserts in her brief are limited to Case No. 14-05-15.
 First Assignment of Error THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND MISSTATED THE CIVILRULES WHEN IT SUMMARILY REFUSED TO CONSIDER A SIGNED PLEADING AS IF THEPLEADING FAILED THE SIGNATURE REQUIREMENTS STATED IN OHIO CIVIL RULE 11.
 {¶ 10} Following the Magistrate's Decision on February 7, 2005, the trial court filed a notice that the parties may file written objections to the magistrate's decision pursuant to Union County Common Pleas Court Local Rule 19.20. According to the rule, the objector shall have 14 days to file objections and memorandum thereto, after which the opposing party shall have 14 days to file a response, after which the objections will be decided. Beyke filed objections on February 22, 2005 which were ruled on by the trial court on February 23, 2005. Reed then filed objections on March 2, 2005. The trial court dismissed Reed's objections on March 22, 2005 by journal entry because "the Court finds no signature of the attorney purporting to having filed the objections has been appended to the pleading by the Objector as provided in Civ.R. 11."
 {¶ 11} Pursuant to Civ.R. 11:
Every pleading, motion, or other document of a party represented by anattorney shall be signed by at least one attorney of record in theattorney's individual name, whose address, attorney registration number,telephone number, telefax number, if any, and business e-mail address, ifany, shall be stated. * * * The signature of an attorney or pro se partyconstitutes a certificate by the attorney or party that the attorney orparty has read the document; that to the best of the attorney's or party'sknowledge, information, and belief there is good ground to support it;and that it is not interposed for delay. If a document is not signed oris signed with intent to defeat the purpose of this rule, it may bestricken as sham and false and the action may proceed as though thedocument had not been served. * * *
Reed's Objections to the Magistrate's Decision were signed in two of three designated places. The first page of the pleading which was labeled Plaintiff's Objections to Magistrate's February 7, 2005 Decision was signed. The signature block at the end of the Memorandum in Support of Plaintiff's Objections was not signed. The certificate of service was signed as the last attached page to the pleading.
 {¶ 12} The purpose of Civ.R. 11 is to deter pleading and motion abuses and to assure the court that such documents are filed in good faith with sufficient grounds of support. Newman v. Al Castrucci Ford Sales, Inc.
(1988), 54 Ohio App.3d 166, 169, 561 N.E.2d 1001, 1004. It is our conclusion that Reed's objections were sufficiently signed by being signed in two of three designated places to support the purpose of Civ.R. 11 because the signature of the attorney constitutes a certificate by the attorney that the attorney has read the document and that to the best of the attorney's knowledge, information and belief there are sufficient grounds to support the document.
 {¶ 13} Accordingly, the trial court erred by refusing to consider the objections of Reed and the first assignment of error is sustained. However, pursuant to Civ.R. 61, the error made by the trial court may be disregarded if it does not affect the substantial rights of the parties. Due to the determination of the third and fourth assignments of error, herein discussed below, the error is harmless.
 Second Assignment of Error THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND EXCEEDED ITSJURISDICTION WHEN IT ENTERED AN ORDER REVISING AND RESTATING MATTERSPENDING BEFORE THE APPELLATE COURT.
 {¶ 14} On March 22, 2005, the trial court dismissed Reed's objections to the magistrate's decision. Previously, the trial court had dismissed Beyke's objections to the magistrate's decision. Therefore, Reed argues that the court's disposal of both sets of objections provided that the February 7, 2005 magistrate's decision became a final order of the trial court pursuant to R.C. 2505.02. Therefore, on March 23, 2005, Reed filed a motion to set aside the March 22, 2005 entry under Civ.R. 60(B). Since there was no response to this motion, Reed filed a notice of appeal on April 21, 2005. Following the filing of the notice of appeal, the trial court made an entry on April 29, 2005 as to the 60(B) motion and as a final order of the magistrate's decision.
 {¶ 15} Reed claims that the trial court was not permitted to enter an order regarding matters that were before the appellate court. Specifically, Reed argues that the motion to set aside the March 22, 2005 entry under Civ.R. 60(B) on March 23, 2005 was not timely ruled on and upon the filing of the notice of appeal the trial court was divested of jurisdiction to rule upon the 60(B) motion.
 {¶ 16} A motion to set aside the judgment under Civ.R. 60(B) must be directed to a "final order." Civ.R. 60(B). Interlocutory orders are non-final orders that are not subject to appeal. In addition, interlocutory orders are subject to motions for reconsideration pursuant to Civ.R. 54(B), while final orders are subject to motions to vacate pursuant to Civ.R. 60(B). See Bodo v. Nationwide Ins. Co. (1991),75 Ohio App.3d 499; Lee v. Joseph Horne Co., Inc. (1995),99 Ohio App.3d 319.
 {¶ 17} In the instant case, this Court finds that appellant's motion to set aside the entry under Civ.R. 60(B) is in fact an improperly labeled request for reconsideration, pursuant to Civ.R. 54(B). Therefore, the trial court's judgment "reconsidering" the interlocutory judgment is also interlocutory and not subject to appeal. See Lindsey v.Rumpke (Nov. 16, 2000), Franklin App. No. 00AP-426, unreported.
 {¶ 18} Accordingly, the trial court was not divested of jurisdiction to rule upon appellant's motion to reconsider, pursuant to Civ.R. 54, and the second assignment of error is not well taken.
 Third and Fourth Assignment of Error THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND ABRIDGED APPELLANT'SRIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTIONBY FINDING APPELLANT IN CONTEMPT WHEN NO EVIDENCE OR RECORD REFLECTSACTUAL NOTICE TO APPELLANT OF A COURT ORDER DIRECTING OR OBLIGATING APARTY'S SPECIFIC COMPLIANCE.
 THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND ABRIDGED APPELLANT'SRIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTIONBY FINDING APPELLANT IN CONTEMPT WHEN NO ACTUAL NOTICE OF A PENDINGCONTEMPT CITATION ISSUED THROUGH THE COURT.
 {¶ 19} Reed specifically challenges the contempt findings on two separate grounds. First, Reed challenges the contempt findings for the spousal support overpayment of $500.00. Second, she challenges the contempt findings for the unpaid medical expenses. In both assignments, Reed argues that there was no actual evidence reflecting actual notice of a court order directing or obligating the party to comply or of a pending contempt citation issued through the court.
 {¶ 20} In the journal entry of the decree of divorce between Reed and Beyke, the Court of Common Pleas of Union County, Ohio ordered Beyke to pay Reed the sum of $1,000.00 per month as spousal support for a period of forty-eight (48) consecutive months, terminable upon Reed's remarriage or cohabitation with an adult male not otherwise related to Reed, and also terminable upon the death of either party. On February 10, 1998, a journal entry was entered regarding the termination of alimony. Specifically, the court ordered that the separate maintenance paid by Beyke shall cease effective as of January 1, 1998. Both parties did waive the notice of a hearing and a hearing regarding the termination of the alimony. On February 18, 1998, a note was filed to the income provider to terminate the withholdings of Beyke's income for the payment of spousal support.
 {¶ 21} However, in the meantime additional payments in the total amount of $1,500.00 were withheld and paid to Reed for periods beyond the January 1, 1998 cutoff ordered in the February 10, 1998 Judgment Entry. As a result, on August 12, 2004, Beyke's cross motion in contempt against Reed was based in part on the excess alimony that was issued to Reed on January 15, January 31, and February 15, 1998 which should not have been paid since the court ordered the alimony to cease as of January 1, 1998. On February 7, 2005, the magistrate's decision found Reed in contempt of court for not returning $500.00 of spousal support to Beyke.[2]
 {¶ 22} With respect to the challenge of contempt regarding the unpaid medical expenses, Reed owed Beyke the value of $1,206.08 for the unpaid medical expenses pursuant to the decree of divorce. In the journal entry of the decree of divorce between Reed and Beyke, the Court of Common Pleas of Union County, Ohio ordered that Beyke shall provide primary medical and dental insurance for the children and Reed's insurance shall be considered secondary. Furthermore, it was ordered that all health-related expenses that are not otherwise paid shall be divided equally between the parties. On August 12, 2004, Beyke filed a motion for the payment of medical bills to be paid by Reed pursuant to the decree of divorce. On February 7, 2005, the magistrate's decision found Reed in contempt of court for not paying her portion of the uncovered medical expenses to Beyke.
 {¶ 23} On April 29, 2005, the trial court issued a journal entry adopting the magistrate's decision. The journal entry found that Reed's motion in contempt was sustained and Beyke was found in contempt of court for unpaid medical bills and the payment of the Visa bill. The journal entry also sustained Beyke's cross motion in contempt and Reed was found to be in contempt of court for her failure to reimburse Beyke for $500.00 of spousal support and $1,206.08 of medical expenses incurred by Beyke. Furthermore, it was initially ordered that Beyke pay Reed's attorney fees in the amount of $1,500.00 and that Reed pay Beyke's attorney fees in the amount of $1,500.00. However, because the amounts of the attorney fees were equal, the trial court cancelled the previous orders and ordered that each party pay their own attorney fees.
 {¶ 24} As a result of the actual order, it is unnecessary to discuss whether the findings of contempt entered by the trial court were erroneous because there were no consequences to Reed for either of the contempt findings. On the contrary, the only disposition or judgment attributable to the contempt findings on both sides were that the attorney's fees were ordered to be paid by the parties to their own respective counsel — an order and disposition that the trial court had discretion to make with or without a contempt finding in this case.
 {¶ 25} The decision to award attorney fees is typically relegated to the sound discretion of the trial court and is not to be overturned absent an abuse of discretion. Babka v. Babka (1992), 83 Ohio App.3d 428,435, 615 N.E.2d 247, 251-52. An abuse of discretion is more than error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Malone v. Courtyard byMarriott L.P. (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242, 1248-49. Here, the trial court did not abuse its discretion by awarding the parties to pay their respective counsel fees.
 {¶ 26} There being no other consequences or prejudice to either party from the court's contempt findings in this case, we find any error in the court's basis for the contempt is rendered harmless and/or moot.
 {¶ 27} Accordingly, the third and fourth assignments of error are overruled. The judgment of the Common Pleas Court of Union County in case number 14-05-15 is affirmed.
Appeal dismissed in Case 14-05-13.
 Judgment affirmed in Case 14-05-15.
 CUPP, P.J., and BRYANT, J., concur.
[1] The value of $7,855.64 was determined by splitting the $17,096.20 in half for a value of $8,548.10. Then adding the amount of $1,013.62 for reimbursement of the Visa bill that Reed paid for a total amount of $9,561.72 that Beyke owes Reed. Then the amount that Reed owes Beyke was deducted from the amount for one spousal support payment of $500 and uncovered medical expenses of $1,206.08 for a total amount that Reed owes Beyke in the amount of $1,706.08. Therefore, Beyke owes Reed the amount of $7,855.64.
[2] The record discloses in the Magistrate's Decision on February 7, 2005 that $1,000.00 of the $1,500.00 was returned to Beyke. However, the record does not indicate how or when this amount was repaid to establish that Reed still owed Beyke $500.00 in spousal support that she should not have received.