[Cite as *Yeckley v. Yeckley*, 2012-Ohio-84.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96873**

## THOMAS D. YECKLEY

PLAINTIFF-APPELLEE

vs.

## THOMAS D. YECKLEY, ET AL.

## KEYBANK NATIONAL ASSOCIATION

DEFENDANTS-APPELLEES

## (APPEAL BY RICHARD A. YECKLEY)

**JUDGMENT:
DISMISSED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-611861

**BEFORE:** Jones, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   January 12, 2012

**ATTORNEY FOR APPELLANT**

Edwin V. Hargate, III
18519 Underwood Avenue
Cleveland, Ohio 44119


**ATTORNEYS FOR APPELLEES**

**For Thomas D. Yeckley, et al.**

James W. Tekavec
38106 Third Street
Willoughby, Ohio 44094

**For Cuyahoga County Treasurer**

William D. Mason
Cuyahoga County Prosecutor

BY: Gregory B. Rowinski
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**For Key Bank National Association**

David F. Hanson
Matthew P. Curry
Manley Deas Kochalski, L.L.C.
P.O. Box 42728
Cincinnati, Ohio 45242

**For State of Ohio**

Alan H. Weinberg
Weltman, Weinberg & Reis Co., L.P.A.
Lakeside Place, Suite 200
323 Lakeside Avenue, West
Cleveland, Ohio 44113

**Attorneys continued:**

**For Thompson Electric Inc.**

John M. Herrnstein
527 Portage Trail
Cuyahoga Falls, Ohio 44221

**For Dennis G. Yeckley**

Dennis J. Polke
394 Walworth Avenue
Euclid, Ohio 44132

**For Linda L. Yeckley**

Allen C. Hufford
22408 Lakeshore Boulevard
Euclid, Ohio 44123

Gary H. Rosenthal
35353 Curtis Boulevard, Suite 441
Eastlake, Ohio 44095

LARRY A. JONES, J.:

{¶ 1} Defendant-appellant, Richard A. Yeckley, appeals from a common pleas court order granting a motion to vacate the default judgment entered against defendant-appellee, KeyBank National Association. For the reasons that follow, we dismiss this appeal for lack of a final appealable order.

{¶ 2} Appellee Thomas D. Yeckley originally filed a complaint for partition in January 2007 and a second amended complaint in July 2007. The second amended complaint sought to partition real property that Thomas, Linda, Dennis, and Richard Yeckley and Nena DePalma held as tenants in common. The second amended complaint also asserted that KeyBank, Thompson Electric, and the Cuyahoga County Treasurer may claim an interest in the property. In addition to the partition claim, the complaint asserted that Thomas Yeckley had other interests in the real property, including a fractional interest in rent due from Linda Yeckley and two John Doe defendants. The various defendants filed answers and some filed counter claims and cross-claims.[1]

{¶ 3} KeyBank was served with the original complaint by certified mail and was later served with the first and second amended complaints by ordinary mail. It did not file an answer. Thomas Yeckley moved for default judgment against KeyBank on October 30, 2007. On January 25, 2008, the magistrate granted the motion and barred

---

[1]Claims against Nena DePalma were dismissed by stipulation because she no longer had any interest in the property.

KeyBank from asserting any right, title, or interest to the premises.

**{¶ 4}** In that same decision, the magistrate determined that Thomas, Richard, and Dennis Yeckley each owned an undivided 1/5 interest in the property, and Linda Yeckley owned an undivided 2/5 interest. The magistrate found plaintiff was entitled to partition and ordered the partition to be made. The magistrate ordered that one "suitable disinterested person" be appointed commissioner to make the partition, and if the commissioner determined that the premises could not be divided by metes and bounds without injuring its value, then the commissioner was to make a just valuation of the property. Finally, the magistrate determined that the interests of Richard, Dennis, Thomas, and Linda Yeckley were "subject to any unpaid taxes, assessments, penalties and interests that may be due and payable."

**{¶ 5}** On February 22, 2008, the court adopted the magistrate's decision and entered a decree of partition in favor of plaintiff. The court also appointed a commissioner.

**{¶ 6}** On March 11, 2008, the court entered the following order:

" * * * Parties with remaining pending claims including claims for set-offs to file an intent to proceed within 30 days * * * from the date of this order. Failure to file said intent to proceed will result in a dismissal without prejudice of all remaining claims including claims for set-offs. Furthermore, parties to submit stipulated entry regarding distribution of funds derived from election process or sheriff sale. Said entry to be submitted within 30 days from the date of this order."

{¶ 7} On May 29, 2008, KeyBank filed a combined motion for relief from judgment and motion for leave to file an answer. Thomas and Richard Yeckley opposed this motion. On August 22, 2008, the magistrate granted KeyBank's motion, vacated the judgment against the bank, and granted it leave to answer. The trial court subsequently overruled Thomas and Richard Yeckley's objections to this order, adopted the magistrate's decision, vacated the default judgment against KeyBank, and deemed the bank's answer filed as of the date of the court's order, January 5, 2009.

{¶ 8} Richard Yeckley filed a notice of appeal from this order. Sua sponte, this court dismissed his appeal, citing R.C. 2505.02 and *In re Zinni*, Cuyahoga App. No. 89599, 2008-Ohio-581. *Yeckley v. Yeckley*, Cuyahoga App. No. 92738, Motion No. 426104 ("*Yeckley I*").

{¶ 9} After the dismissal of the appeal, the trial court entered an order on November 17, 2009: "The court's order of 01/05/2009 is amended to read as follows: Upon an independent review of the objections to the magistrate's decision of plaintiff and defendant Richard A. Yeckley, filed 09/29/2008, the court hereby overrules said objections. By this separate and distinct instrument, the court finds that * * * KeyBank National Association is entitled to relief from the default judgment rendered against it pursuant to Civ.R. 60(B)(5) and hereby adopts the magistrate's decision, dated 08/22/2008, attached hereto and incorporated herein. KeyBank National Association's motion to vacate default judgment is granted. The answer of KeyBank National Association is deemed filed as of the date of this order. The decree of partition issued

02/22/2008 is amended to indicate that KeyBank National Association has filed an answer. The court makes no findings as it relates to the validity and/or priority of the alleged interests of KeyBank National Association at this time except to note that said interests are hereby ordered transferred to the proceeds derived from the sale of the subject premises. Said rights to be determined by further court order."

{¶ 10} Richard Yeckley appealed again. This court again dismissed his appeal, finding that there was no final appealable order because outstanding counterclaims and cross-claims had not been resolved. *Yeckley v. Yeckley*, Cuyahoga App. No. 94368, 2010-Ohio-4252 ("*Yeckley II*").

{¶ 11} On May 5, 2011, the trial court issued another order, which mimicked the November 17, 2009 order but added "pursuant to Civ. R. 54(B) the court finds there is no just cause for delay. Final."

{¶ 12} Yeckley filed his notice of appeal, and the case is again here before this court. Yeckley raises five assignments of error for our review; all of the assigned errors challenge the trial court's granting of KeyBank's motion for relief from judgment.

{¶ 13} In *Yeckley II*, we noted that "[a]lthough KeyBank argued its motion as a motion for relief from judgment pursuant to Civ.R. 60(B), KeyBank's motion was in fact merely a motion for reconsideration of a non-final order. See *Lee v. Joseph Horne Co.* (1995), 99 Ohio App.3d 319, 650 N.E.2d 530." Id. at ¶1. This court further found that "[t]he proceedings in the underlying action were not completed before KeyBank filed its motion to vacate the default judgment entered against it, and still have not been completed.

Although the trial court determined that the property should be partitioned, there are still outstanding counterclaims and cross-claims that have not been resolved. Consequently, the order granting default judgment against KeyBank was an interlocutory order, subject to modification at any time. See Civ.R. 54(B). KeyBank did not have to comply with Civ.R. 60(B) when it asked the court to vacate that order; its motion was simply a motion for reconsideration. *Lee v. Joseph Horne Co., Inc.* (1995), 99 Ohio App.3d 319, 323, 650 N.E.2d 530." *Yeckley II* at ¶12.

{¶ 14} Despite our holding in *Yeckley II*, Richard Yeckley argues on appeal that the trial court erred in granting KeyBank's Civ.R. 60 motion for relief from judgment.

{¶ 15} As noted in *Yeckley II*, although KeyBank captioned its motion as a motion for relief for judgment, it was not a Civ.R. 60(B) motion. Instead, it was a motion for reconsideration. Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities

of all the parties."

{¶ 16} A motion for relief from judgment under Civ.R. 60(B) must be directed to a "final order." Civ.R. 60(B). Interlocutory orders are non-final orders that are not subject to appeal. In addition, interlocutory orders are subject to motions for reconsideration pursuant to Civ.R. 54(B), while final orders are subject to motions to vacate pursuant to Civ.R. 60(B). *Beyke v. Beyke*, Union App. No. 14-05-13, 2005-Ohio-5465; see, also, *Bodo v. Nationwide Ins. Co.* (1991), 75 Ohio App.3d 499, 599 N.E.2d 844; *Lee*, supra.

{¶ 17} Again, KeyBank's motion for relief under Civ.R. 60(B) was in fact an improperly labeled request for reconsideration, pursuant to Civ.R. 54(B). Therefore, as noted in *Yeckley II*, the trial court's judgment "reconsidering" the interlocutory judgment is also interlocutory and not subject to appeal. See *Beyke*. The trial court's insertion of "final" language does not, in and of itself, make the order final and capable of review because the trial court still did not enter judgment regarding KeyBank. In fact, the order clearly states that the court made no findings as it related "to the validity and/or priority of the alleged interests."

{¶ 18} Based on the above, we do not have jurisdiction to hear this appeal and will not have jurisdiction until a final order is entered.

Case dismissed.

It is ordered that appellees recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


_____
LARRY A. JONES, JUDGE

FRANK D. CELEBREZZE, JR., P.J., AND
COLLEEN CONWAY COONEY, J., CONCUR