[Cite as *Arms Trucking Co. v. Fed. Natl. Mtge. Assn.*, 2013-Ohio-5192.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| ARMS TRUCKING CO., INC., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-G-3149** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION a.k.a. FANNIE MAE, et al., | : | |
| Defendants, | : | |
| ARTHUR BRAUN, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 12 M 823.

Judgment: Appeal dismissed.


*Robert K. McIntyre* and *Jay R. Carson,* Wegman, Hessler & Vanderburg, 6055 Rockside Woods Boulevard, Suite 200, Cleveland, OH 44131 (For Plaintiff-Appellee).

*Katherine M. Braun,* 820 W. Superior Ave., Suite 100, Cleveland, OH 44113 (For Defendants-Appellants).



CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Arthur Braun and Audrey Braun, appeal the judgment entered by the Geauga County Court of Common Pleas denying their Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, this appeal is dismissed for lack of a final, appealable order.

{¶2} In August 2013, appellee, Arms Trucking Co. Inc., filed a complaint against five defendants, including appellants, for injunctive and declaratory relief. In October 2012, appellants filed their answer and counterclaim. Between November and December 2012, Arms Trucking voluntarily dismissed all defendants other than appellants.

{¶3} Thereafter, in December 2012, Arms Trucking filed a motion to dismiss appellants' counterclaim. At that time, the only claims remaining were Arms Trucking's claim against appellants and appellants' counterclaim against Arms Trucking.

{¶4} On January 18, 2013, the trial court entered judgment granting Arms Trucking's motion and dismissing appellants' counterclaim. The court's entry did not include a determination pursuant to Civ.R. 54(B) that there is no just reason for delay. Following the trial court's dismissal of appellants' counterclaim, Arms Trucking's claim against appellants remained pending.

{¶5} About ten days later, on January 29, 2013, appellants filed a motion for relief from the trial court's judgment dismissing their counterclaim. Arms Trucking filed a brief in opposition. On May 1, 2013, the trial court entered judgment denying appellants' motion for relief from judgment. Appellants appeal the trial court's judgment denying that motion.

{¶6} It is well settled that a court of appeals may only entertain appeals from final judgments or orders. *J.P. Morgan Mortg. Acquisition Corp. v. Medvec,* 11th Dist. Geauga No. 2009-G-2915, 2009-Ohio-6706, ¶4. According to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can review a judgment of a trial court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-

2

116, 2003-Ohio-6241, ¶3. If a trial court's order is not final, then an appellate court does not have jurisdiction to review the matter and the appeal must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).  *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999).

{¶7}   R.C. 2505.02(B)(1) provides an order "[t]hat affects a substantial right in an action that in effect determines the action and prevents a judgment" is final and appealable. Further, Civ.R. 54(B) provides, in relevant part: "When more than one claim for relief is presented in an action whether as a claim [or] counterclaim * * *, and whether arising out of the same or separate transactions, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay."

{¶8}   In the instant case, the trial court's judgment of January 18, 2013 dismissing appellants' counterclaim was not a final order because it did not dispose of all the claims in the action and it did not make an express determination that there is no just reason for delay.

{¶9}   Moreover, appellants were not entitled to relief from judgment pursuant to Civ.R. 60(B) because that rule only allows the trial court to relieve a party from a *final* order or judgment. *Pine Ave. Commerce Park, Inc. v. Jarvis*, 11th Dist. Trumbull No. 2001-T-0143, 2002-Ohio-6699, ¶13; *Harter v. Wadsworth-Rittman Hosp.*, 64 Ohio App.3d 26, 30 (9th Dist.1989), *appeal dismissed at* 47 Ohio St.3d 715.  For example, in *Harter*, *supra*, the Ninth District held that a court may not grant a party relief from a summary judgment under Civ.R. 60(B) before the summary judgment becomes a final

order. Moreover, in *Coleman v. Coleman*, 2d Dist Clark No. 2003 CA 39, 2004-Ohio-1018, the Second District held that magistrate orders regarding child support and custody entered in divorce proceedings that were not adopted by the trial court were not final judgments from which relief could be granted under Civ.R. 60(B). *Id.* at ¶13.

{¶10} Further, a judgment granting or denying a motion to vacate an earlier judgment that was not a final order is likewise not a final order. *Lee v. Joseph Horne Co., Inc.*, 99 Ohio App.3d 319, 323 (8th Dist.1995); *Matrka v. Stephens*, 77 Ohio App.3d 518, 521-522 (10th Dist.1991). In *Lee, supra*, the Eighth District held that a judgment vacating an earlier judgment that did not adjudicate the liabilities of all parties or include Civ.R. 54(B) language was itself an interlocutory order, rather than a final, appealable order. *Id.*, citing *Jarrett v. Dayton Osteopathic Hosp., Inc.*, 20 Ohio St.3d 77 (1985), syllabus.

{¶11} Since the January 18, 2013 judgment dismissing appellants' counterclaim was not a final order, Civ.R. 60(B) does not apply, and the May 1, 2013 judgment denying appellants' motion for relief from the earlier judgment was itself interlocutory and not a final order. As a result, the trial court has not yet entered a final order in this matter.

{¶12} Accordingly, the instant appeal is dismissed, sua sponte, for lack of jurisdiction.

{¶13} We note that, after the parties filed their respective briefs on appeal, this court reviewed the status of this case. Based on the information available to this court at that time, it appeared that the trial court may not have entered a final order. As a result, on September 4, 2013, this court entered an order requiring appellants to show

4

cause why the case should not be dismissed for lack of a final, appealable order. In response, appellants filed a "Statement in Opposition to Jurisdiction and Memorandum of Arthur and Audrey Braun, Defendants-Appellants." In this "Statement," appellants conceded that neither the judgment dismissing their counterclaim nor the judgment vacating that earlier judgment is a final, appealable order. They do not, however, explain why they filed this appeal without the trial court having entered a final judgment; why they did not timely dismiss the appeal; why they allowed this appeal to remain active on this court's docket so long that Arms Trucking was required to prepare and file its answer brief; and why they still have not dismissed this appeal.

{¶14} Instead, in the body of their Statement, appellants request that this court dismiss their appeal and remand this matter with "instructions" to the trial court to "reconsider" their motion for relief from judgment. They further request that, since they filed this appeal prematurely, if it becomes necessary for them to again appeal the trial court's judgment, they be allowed to file another appeal at no cost to them.

{¶15} Initially, we note these requests were not made by way of a motion, as required by App.R. 15(A), thus depriving Arms Trucking of an opportunity to respond to them. As a result, these requests are not properly before us and, for this reason alone, lack merit. In any event, even if these requests were properly presented, they would still lack merit. First, since the trial court's dismissal of appellants' counterclaim was not a final order, appellants are not entitled to relief from that judgment. Further, although appellants concede this appeal should be dismissed, they have not cited any precedent that would authorize us to grant them leave to file another appeal at some unspecified time on some speculative ground in the future, let alone to do so without cost.

5

{¶16} For the reasons stated in the opinion of this court, appellants' assignment of error is moot. It is the judgment and order of this court that the appeal is dismissed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.