MEMORANDUM OPINION
{¶ 1} On March 9, 2007, appellant, Tamara S. Kessler, filed a notice of appeal from a February 9, 2007 entry of the Ashtabula County Court of Common Pleas. *Page 2 
 {¶ 2} In the February 9, 2007 judgment entry, the trial court dismissed appellant's motion to quiet title for certain properties and ordered that appellee, Totus Tuus, L.L.C., was the owner in fee simple and was entitled to quiet and peaceful possession of the property free of any claim of appellant. The trial court further overruled the motion for summary judgment of appellees, Totus Tuus, L.L.C. and Marlene Harris, and the motion for summary judgment of Mark and Mary Harris. The trial court found that appellees were entitled to summary judgment on the counterclaims and cross-claims of 3740 Holding Trust, and that their motion for summary judgment was granted, and the claims of 3740 Holding Trust are dismissed with prejudice. The trial court concluded that appellees own certain real estate free of claim by any of the other parties in this matter.
 {¶ 3} On April 5, 2007, appellees filed a motion to dismiss alleging that the order appealed from is not a final appealable order. Appellees specifically stated that this court only has subject matter jurisdiction to review final orders, and that the February 9 entry did not dispose of all the claims or contain the requisite Civ.R. 54(B) language that "there is no just reason for delay."
 {¶ 4} On April 23, 2007, appellant filed an "Objection to Appellees['] Motion to Dismiss Appeals."
 {¶ 5} Civ.R. 54(B) provides that:
 {¶ 6} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only *Page 3 
upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 7} It is well-established that in a situation where multiple claims and/or parties are involved, a judgment entry that enters final judgment as to one or more but fewer than all of the claims is not a final appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" Girard v. LeatherworksPartnership, 11th Dist. No. 2001-T-0138, 2002-Ohio-7276, at ¶ 17, citingState ex rel. A D Ltd. Partnership v. Keefe (1996), 77 Ohio St.3d 50,56.
 {¶ 8} Here, it is clear from the February 9, 2007 entry that there are still claims pending in the trial court. Furthermore, the February 9 judgment entry that was appealed from does not contain any Civ.R. 54(B) language. Thus, without the inclusion of Civ.R. 54(B) language, there is no final appealable order.
 {¶ 9} Moreover, on April 25, 2007, appellant filed an amended notice of appeal from the March 27, 2007 judgment entry of the trial court. However, the March 27 entry only disposed of one of the third party defendants, i.e. Key Bank. The March 27 order also does not contain any Civ.R. 54(B) language. Since, there are still several claims, cross-claims and third party claims pending, and without the Civ.R. 54(B) language included, we have no final appealable order. *Page 4 
 {¶ 10} Based upon the foregoing analysis, this appeal is dismissed due to lack of a final appealable order.
 {¶ 11} Appeal dismissed.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1