[Cite as *Jones v. Wheelersburg Local School Dist.*, 2012-Ohio-3896.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

DANA JONES,                                    :

    Plaintiff-Appellant,                   :    Case No.   11CA3449

    vs.                                    :

WHEELERSBURG LOCAL SCHOOL
 DISTRICT, et al.,                             :    DECISION AND JUDGMENT ENTRY

    Defendants-Appellees.                  :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     James H. Banks, P.O. Box 40, Dublin, Ohio 43017

COUNSEL FOR APPELLEES:     Randall Lambert, 215 South Front Street, P.O. Box 725,
                           Ironton, Ohio 45638

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 8-17-12
ABELE, P.J.

    **{¶ 1}**   This is an appeal from a Scioto County Common Pleas Court   decision that partially

granted and partially denied the summary judgment motion filed by the Wheelersburg Local School

District Board of Education, Mark Knapp (individually and in his capacity as superintendent), and

George Grice (individually and in his capacity as treasurer), defendants below and appellees herein.

    **{¶ 2}**   Dana Jones, plaintiff below and appellant herein, assigns the following errors for

review:

        FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN CONSIDERING THE
AFFIDAVITS OF DEFENDANTS-APPELLEES MARK KNAPP,
AND GEORGE GRICE IN SUPPORT OF
DEFENDANTS-APPELLEES' MOTION FOR SUMMARY
JUDGMENT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN DETERMINING THAT
STATUTORY IMMUNITY UNDER R.C. CHAPTER 2744
SHIELDS DEFENDANTS-APPELLEES GRICE AND KNAPP
FROM LIABILITY."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN GRANTING SUMMARY
JUDGMENT ON PLAINTIFF-APPELLANT'S CLAIMS, SUCH
THAT THE JUDGMENT BELOW MUST BE REVERSED."

{¶ 3} Appellant was terminated from her position with the school district due to allegations of misappropriated funds. Appellant subsequently filed a complaint against appellees and alleged that (1) appellees caused her "severe and intense emotional and physical distress * * * mental anguish, humiliation, and embarrassment," (2) appellees slandered or defamed her, (3) appellees interfered with contractual relations, and (4) appellees caused her intentional infliction of emotional distress.

Appellees requested summary judgment.

{¶ 4} On July 5, 2011, the trial court partially granted and partially denied appellees' summary judgment motion. The court determined that Knapp and Grice, in their individual capacities, are statutorily immune from liability under R.C. Chapter 2744. The court found that pursuant to R.C. 2744.09(B), R.C. Chapter 2744 does not apply to appellant's claim against the school district because her claims arise out of her employment relationship. The court then

determined that no genuine issues of material fact remain regarding appellant's intentional infliction of emotional and physical distress and interference with contractual relations claims. The court also concluded that genuine issues of material fact remained regarding appellant's slander/defamation claim. The court thus (1) entered summary judgment in favor of Grice and Knapp in their individual capacities regarding all claims, (2) entered summary judgment in favor of Grice, Knapp, and the school district regarding appellant's intentional infliction of emotional and physical distress and interference with contractual relations claims, and (3) denied appellees summary judgment regarding appellant's slander/defamation claim. The court did not employ Civ.R. 54(B) language.

{¶ 5}   On August 26, 2011, appellant dismissed "her remaining claims * * * without prejudice." This appeal followed.

{¶ 6}   Before we can consider appellant's assignments of error, we first must address a jurisdictional issue. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03(A). If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. General Acc. Ins. Co. v. Ins. Co. of N. America, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). In the event that the parties involved in the appeal do not raise this jurisdictional issue, an appellate court must sua sponte raise it. Chef Italiano Corp. v. Kent State Univ., 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; Whitaker-Merrell v. Geupel Construction Co., 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

{¶ 7}   R.C. 2505.02 defines a final order to include the following: (1) an order that affects

a substantial right in an action that in effect determines the action and prevents a judgment; (2) an

order that affects a substantial right made in a special proceeding or upon a summary application in

an action after judgment; (3) an order that vacates or sets aside a judgment or grants a new trial; (4)

or an order that grants or denies a provisional remedy; (5) an order that determines that an action

may or may not be maintained as a class action; and (6) an order determining the constitutionality

of certain provisions of the Revised Code.   R.C. 2505.02(B)(1)-(6).

{¶ 8}   When a court enters a judgment that disposes of some claims but leaves others

pending, the order is final and appealable only if the judgment complies with Civ.R. 54(B).   The

rule states:

> When more than one claim for relief is presented in an action whether as a
> claim, counterclaim, cross-claim, or third-party claim, and whether arising out of
> the same or separate transactions, or when multiple parties are involved, the court
> may enter final judgment as to one or more but fewer than all of the claims or
> parties only upon an express determination that there is no just reason for delay.   In
> the absence of a determination that there is no just reason for delay, any order or
> other form of decision, however designated, which adjudicates fewer than all the
> claims or the rights and liabilities of fewer than all the parties, shall not terminate
> the action as to any of the claims or parties, and the order or other form of decision
> is subject to revision at any time before the entry of judgment adjudicating all the
> claims and the rights and liabilities of all the parties.

{¶ 9}   Civ.R. 54(B) allows a trial court to enter final judgment as to one or more but fewer

than all claims in a multi-claim action only upon an express determination of "no just reason for

delay."   Without this language, a reviewing court does not have jurisdiction and must dismiss the

appeal.   Noble v. Colwell, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).

{¶ 10}  In the case at bar, appellant's complaint raises multiple claims against multiple

parties.   The trial court, however, did not enter final judgment on all claims and against all parties.

 The court did not enter final judgment regarding appellant's slander/defamation claim, but

instead, that claim remains pending.   The court also did not expressly determine that there was no just reason for delay.   Thus, at this juncture the trial court's summary judgment decision is not final and appealable.

{¶ 11} Appellant, however, attempted to convert the trial court's order into a final, appealable order by filing a voluntary dismissal of the remaining claim under Civ.R. 41(A). Civ.R. 41(A) permits

> "a plaintiff, without order of court, [to] dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
>          (a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
>          (b) filing a stipulation of dismissal signed by all parties who have appeared
>
> in the action.

{¶ 12} Civ.R. 41(A), however, does not allow for the partial dismissal of a cause of action. Pattison v. W.W. Grainger, Inc., 120 Ohio St.3d 142, 2008–Ohio–5276, 897 N.E.2d 126, ¶19-20; Ray v. Wal-Mart Stores, Inc., 4th Dist. No. 10CA27, 2011-Ohio-5142, ¶14.   "[W]hen a plaintiff has asserted multiple claims against one defendant, and some of those claims have been ruled upon but not converted into a final order through Civ.R. 54(B), the plaintiff may not create a final order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims against the same defendant."   Pattison at ¶1.

{¶ 13} In the case sub judice, appellant engaged in the practice the Pattison court specifically prohibited.   Although we understand that appellant attempted to create a final, appealable order by dismissing part of her claims against appellees, Civ.R. 41(A) does not provide for the partial dismissal of a cause of action.   Thus, appellant's slander/defamation claim remains

pending.

{¶ 14} We recognize that part of appellant's appeal addresses the trial court's decision to grant Grice and Knapp statutory immunity under R.C. 2744.02(C). Under R.C. 2744.02(C), "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." The statute, however, includes no similar provision for an order that grants a political subdivision or an employee the benefit of an alleged immunity. Thus, for an order granting a political subdivision or an employee immunity under R.C. Chapter 2744 to constitute a final order, it must otherwise fulfill the requirements of R.C. 2505.02 and Civ.R. 54(B), when applicable.[1]

{¶ 15} In summary, in the case sub judice we have determined that the trial court's order does not fulfill the requirements for a final, appealable order. Thus, its decision to grant Grice and Knapp statutory immunity likewise is not final and appealable. Consequently, the trial court's summary judgment decision is not final and appealable, and we lack jurisdiction to proceed with the merits of this appeal. We therefore must dismiss this appeal.

APPEAL DISMISSED.

---

[1] We observe that the Ohio Supreme Court has stated that Civ.R. 54(B) is inapplicable to appeals under R.C. 2744.02(C).

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.