[Cite as *State ex rel. DeWine v. Deer Lake Mobile Park, Inc.*, 2013-Ohio-637.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO ex rel. MICHAEL DEWINE ATTORNEY GENERAL OF OHIO, | : | **MEMORANDUM OPINION** |
| | : | |
| | : | **CASE NO. 2012-G-3119** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| DEER LAKE MOBILE PARK, INC., et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 11M000168.

Judgment: Appeal dismissed.

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, Columbus, OH  43215 and *Christine L. Rideout, Alana R. Shockey,* and *Aaron S. Farmer*, Assistant Attorneys General, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (Plaintiff-Appellee).

*Robert F. DiCello*, The DiCello Law Firm, Western Reserve Law Building, 7556 Mentor Avenue, Mentor, OH  44060 (For Defendants-Appellants).


DIANE V. GRENDELL, J.

{¶1}   On November 20, 2012, appellants, Deer Lake Mobile Park, Inc., Eugene Malliski, Alice Malliski and Mark Malliski, filed a notice of appeal from an October 22, 2012 entry of the Geauga County Court of Common Pleas.  In the October 22 entry, the trial court granted appellee partial summary judgment against appellants and also assessed each appellant with a $250 fine on the contempt finding.

{¶2} The docket in this matter reveals that on February 9, 2011, appellee filed a complaint for injunctive relief and civil penalty. In its complaint, appellee requested that the trial court issue an injunction permanently enjoining appellants from violating R.C. Chapters 6109 and 6111. Appellee also requested that the trial court order appellants to pay state civil penalties for each day appellants violate R.C. Chapters 6109 and 6111. On October 22, 2012, the trial court granted partial summary judgment against appellants; however, the trial court refrained from addressing the issues of injunctive relief and civil penalties. A trial was scheduled for November 26, 2012. On November 29, 2012, the trial court cancelled the trial and stayed the matter pending this appeal.

{¶3} On December 3, 2012, appellee filed a motion to dismiss the appeal for lack of a final appealable order. In its motion, appellee alleges that the appealed entry does not meet the requirements of R.C. 2505.02 because injunctive relief and civil penalties along with liability for additional violations remain pending. Furthermore, appellee states that the entry did not contain the requisite Civ.R. 54(B) language.

{¶4} Appellants filed a brief in opposition to the motion to dismiss on December 26, 2012. Appellee filed a reply to appellants' brief in opposition on December 28, 2012.

{¶5} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be

dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. No. 2011-P-0103, 2011-Ohio-6838, ¶3.

{¶6} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶7} R.C. 2505.02(B) states that:

{¶8} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶11} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

3

{¶15} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶16} (6) An order determining the constitutionality of any changes to the Revised Code ***;

{¶17} (7) An order in an appropriation proceeding ***."

{¶18} In the case at hand, the trial court's October 22, 2012 judgment entry does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B). Therefore, the order appealed from is an interlocutory order and is not final.

{¶19} Furthermore, since the October 22, 2012 trial court entry did not dispose of all the claims and did not contain the requisite Civ.R. 54(B) language, it is not a final appealable order.

{¶20} Accordingly, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.

{¶21} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.