[Cite as *Capital One Bank (USA), NA v. Reese*, 2013-Ohio-1101.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), NA, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2012-P-0155** |
| - vs - | : | |
| KAREN L. REESE, | : | |
| Defendant/Third Party Plaintiff-Appellant, | : | |
| | : | |
| - vs - | : | |
| | : | |
| MORGAN & POTTINGER, P.S.C., et al., | : | |
| | : | |
| Third Party Defendants- Appellees. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2010 CV 00449.

Judgment: Appeal dismissed.


*Rik S. Tozzi* and *Joshua H. Threadcraft*, Burr & Forman, LLP, 420 North 20th Street, Suite 3400, Birmingham, AL 35203, and *Eric E. Kinder* and *Bruce M. Jacobs*, 300 Kanawha Boulevard, East, P.O. Box 273, Charleston, WV 25321-0273 (For Plaintiff-Appellee).

*Anand N. Misra*, The Misra Law Firm, L.L.C., 3659 Green Road, #100, Beachwood, OH 44122, and *Robert S. Belovich*, 9100 South Hills Blvd., Suite 300, Broadview Heights, OH 44147 (For Defendant/Third Party Plaintiff-Appellant).

*Monica A. Sansalone*, *Jeffrey D. Stupp*, and *Lori E. Brown*, Gallagher Sharp, Sixth Floor, Bulkley Building, 1501 Euclid Avenue, Cleveland, OH 44115-2108 (For Third Party Defendants-Appellees).

THOMAS R. WRIGHT, J.

{¶1} On November 29, 2012, appellant, Karen L. Reese, filed a notice of appeal from an October 31, 2012 entry of the Portage County Court of Common Pleas. In the October 31, 2012 entry, the trial court dismissed the counterclaim filed by appellant, and granted the motions for summary judgment filed by appellees, Morgan & Pottinger, P.S.C. ("Morgan & Pottinger"), Michael J. Linden ("Linden"), and Capital One Bank (USA), NA ("Capital One").

{¶2} Appellees, Morgan & Pottinger and Linden, filed a motion to dismiss the appeal on December 17, 2012. On that same date, appellee, Capital One filed a notice of its joinder in and adoption of the motion to dismiss the appeal filed by Morgan & Pottinger and Linden. Appellees allege the October 31, 2012 order appealed from is not a final appealable order since all of the claims have not been resolved.

{¶3} On January 3, 2013, appellant filed a response in opposition to the motions to dismiss. In her response, appellant states that the entry appealed from is a final order.

{¶4} A review of the record reveals that on July 6, 2009, Morgan & Pottinger, on behalf of Capital One, filed a credit card action in the Portage County Municipal Court, Kent Branch, against appellant. Appellant filed an answer, and on February 16, 2010, appellant filed a class action counterclaim against appellees. The case was transferred to the Portage County Court of Common Pleas on March 15, 2010. On July 15, 2010, appellant filed an amended counterclaim, which asserted six individual class action claims against Capital One and violations of the Fair Debt Collection Practices Act by Morgan & Pottinger and Linden.

2

{¶5} On October 27, 2011, Capital One filed a motion for summary judgment. On that same date, Morgan & Pottinger and Linden filed a separate motion for summary judgment. In the October 31, 2012 judgment entry, the trial court granted the motions for summary judgment, which dismissed appellant's counterclaims. In the October 31 entry, the trial court inadvertently stated that appellant's "First Amended Complaint is dismissed." Appellant filed the instant appeal on November 29, 2012.

{¶6} In a nunc pro tunc entry dated December 3, 2012, the trial court corrected its typographical error and indicated that appellant's "counterclaim is dismissed." In the nunc pro tunc entry, the trial court further stated that "* * * the original complaint filed by [Capital One] is the only cause of action remaining. * * * The Court further finds that the monetary demand made by [Capital One] is well within the jurisdictional limits of the Portage County Municipal Court[,]" and that the case "should be transferred to the Portage County Municipal Court, Kent Branch, to litigate the sole surviving cause of action."

{¶7} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02

3

and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. No. 2011-P-0103, 2011-Ohio-6838, ¶3.

{¶8} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶9} The trial court's October 31, 2012 judgment entry is not a final appealable order pursuant to R.C. 2505.02(B) at this time because other claims are still pending. Furthermore, the October 31, 2012 order that was appealed from did not contain Civ.R. 54(B) language, which provides:

{¶10} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶11} This court has stated that where there are multiple claims and/or parties involved, an entry that enters final judgment as to one or more but fewer than all of the claims is not a final appealable order in the absence of Civ.R. 54(B) language stating

4

that "there is no just reason for delay[.]" *Montello v. Ackerman*, 11th Dist. No. 2009-L-111, 2009-Ohio-6383, at ¶6. See, also, *Kessler v. Totus Tuus, L.L.C.*, 11th Dist. No. 2007-A-0028, 2007-Ohio-3019, at ¶7.

**{¶12}** In the case at hand, it is clear from a review of the record that while the trial court disposed of appellant's counterclaims, the original cause of action still remains pending. Further, without the inclusion of Civ.R. 54(B) language, no final appealable order exists at this time.

**{¶13}** Additionally, the December 3, 2012 nunc pro tunc entry transferring the case back to the Portage County Municipal Court, Kent Branch, does not fit any definition of a final order and, thus, is not appealable.

**{¶14}** Based upon the foregoing analysis, this court is without jurisdiction to entertain this appeal. Accordingly, appellees' motions to dismiss the appeal are granted, and this appeal is hereby dismissed due to lack of a final appealable order.

**{¶15}** Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.