[Cite as *Clements v. Brimfield Twp Police Dept.*, 2014-Ohio-247.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| THOMAS CLEMENTS, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-P-0077** |
| BRIMFIELD TWP POLICE DEPARTMENT, et al. | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2012 CV 0613.

Judgment: Appeal dismissed.


*Thomas Clements*, Pro Se, 1410 Brookdale Lane, Kent, OH 44240 (Plaintiff-Appellant).

*Mel L. Lute, Jr.*, Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Defendants-Appellees).


DIANE V. GRENDELL, J.

{¶1} On September 12, 2013, plaintiff-appellant, Thomas Clements, filed his notice of appeal. This appeal emanates from the August 15, 2013 Order and Journal Entry of the Portage County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, the Brimfield Police Department, Chief David Oliver, Sergeant Matthew McCarty, Officer William Atha, Officer Jerry Dumont, and Officer John Pettit (Brimfield defendants).

{¶2} The record in this matter reveals that Clements filed a Complaint against the foregoing defendants, as well as another defendant, Cheri Kuss.

{¶3} In the August 15 Order and Journal Entry, the trial court granted the Brimfield defendants' Motion for Summary Judgment and dismissed Clements' Complaint as to these defendants. However, the court did not rule on the Complaint as to the claims against Kuss or on her counterclaim against Clements.

{¶4} Civ.R. 54(B) provides the following:

{¶5} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶6} This court has held that, where there are multiple claims and/or parties involved, an entry that enters final judgment as to one or more but fewer than all of the claims or parties is not a final appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Montello v. Ackerman*, 11th Dist. Lake No. 2009-L-111, 2009-Ohio-6383, ¶ 6. *See Kessler v. Totus Tuus, L.L.C.*, 11th Dist. Ashtabula No. 2007-A-0028, 2007-Ohio-3019, ¶ 7.

2

**{¶7}** In the instant matter, while the trial court granted the Brimfield defendants' Motion for Summary Judgment, it did not rule on the claims pending against Kuss or on Kuss' counterclaim against Clements. The court recognized in its Order and Journal Entry that "there is another Defendant, Cheri Kuss," but made no ruling as to the claims against her. Just two weeks prior to that Order and Journal Entry, the court issued a separate Order, denying Clements' Motion for Default Judgment against Kuss. Thus, it appears that the claims against Kuss, as well as her counterclaim, are still pending.

**{¶8}** In addition to not addressing the claims against Kuss, the August 15 Order that was appealed from does not contain any Civ.R. 54(B) language.

**{¶9}** We recognize that the trial court's Order addresses the issue of immunity under R.C 2744.02. Pursuant to R.C. 2744.02(C), "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Since the statute includes no similar provision for an order granting such immunity, it is still necessary to fulfill the requirements for a final order in this case. *Jones v. Wheelersburg Local School Dist.*, 4th Dist. Scioto No. 11CA3449, 2012-Ohio-3896, ¶ 14.

**{¶10}** Based upon the foregoing analysis, this appeal is hereby dismissed due to lack of a final appealable order.

**{¶11}** Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3