[Cite as *Swartz v. Formica Plumbing & Sewer Co.*, 2014-Ohio-1871.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ORVILLE J. SWARTZ, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-L-134** |
| FORMICA PLUMBING AND SEWER COMPANY, et al., | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 12 CV 002499.

Judgment: Appeal dismissed.

*David M. Lynch,* 333 Babbitt Road, Suite 333, Euclid, OH 44123 (For Plaintiff-Appellant).

*Robert S. Leach,* 29339 Euclid Avenue, Wickliffe, OH 44092 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} On December 27, 2013, plaintiff-appellant, Orville J. Swartz, filed a notice of appeal in this court. This appeal arises from the November 27, 2013 Opinion and Judgment Entry of the Lake County Court of Common Pleas, which made rulings against appellant and in favor of defendant-appellee, Formica Plumbing and Sewer Company.

{¶2} The record in this matter reveals that Swartz filed a Complaint against appellee, Formica Plumbing, and the City of Wickliffe, which raised a claim relating to

alleged damages that resulted from sewer "improvements" conducted on his property. Formica Plumbing filed an Answer and Counterclaim, raising counterclaims for Breach of Contract, Unjust Enrichment, Abuse of Process, and Defamation. Formica Plumbing and the City of Wickliffe filed separate motions for summary judgment on Swartz's claim.

{¶3} In the November 27, 2013 Judgment Entry, the trial court granted summary judgment in favor of Formica Plumbing on the claim raised in Swartz's Complaint. The court held that the claim was barred by res judicata and the statute of limitations and assessed costs against Swartz. The court had previously granted summary judgment in favor of the other defendant, the City of Wickliffe, on Swartz's claim, in a March 7, 2013 Opinion and Judgment Entry.

{¶4} Civ.R. 54(B) provides that:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment

2

adjudicating all the claims and the rights and liabilities of all the parties.

{¶5} This court has held that, where there are multiple claims and/or parties involved, an entry that enters final judgment as to one or more but fewer than all of the claims is not a final appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay." *Montello v. Ackerman*, 11th Dist. Lake No. 2009-L-111, 2009-Ohio-6383, ¶ 6; *Bencivenni v. Dietz,* 11th Dist. Lake No. 2010-L-098, 2010-Ohio-6057, ¶ 7. *See also Kessler v. Totus Tuus, L.L.C.*, 11th Dist. Ashtabula No. 2007-A-0028, 2007-Ohio-3019, ¶ 7.

{¶6} In the instant matter, while the trial court granted the motions for summary judgment of the City of Wickliffe and Formica Plumbing, finding that Swartz's claim was barred by res judicata and the statute of limitations, it issued no ruling as to the four counterclaims filed by Formica Plumbing. No dispositive motions have been filed relating to the counterclaims and they have not been dismissed or otherwise addressed by the lower court. Furthermore, the November 27, 2013 Judgment Entry that was appealed from does not contain any Civ.R. 54(B) language.

{¶7} Based upon the foregoing, this appeal is hereby sua sponte dismissed due to the lack of a final appealable order.

{¶8} Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESCOTT RICE, J.,

concur.

3