[Cite as *Zoldan v. Lordstown*, 2014-Ohio-3007.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STANLEY ZOLDAN, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee/ Cross-Appellant, | : | |
| | : | **CASE NO. 2014-T-0002** |
| - vs - | : | |
| VILLAGE OF LORDSTOWN, | : | |
| Defendant, | : | |
| MICHAEL CHAFFEE, AN INDIVIDUAL, | : | |
| Defendant-Appellant/ Cross-Appellee. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2012 CV 2610.

Judgment: Cross-appeal dismissed.

*Martin S. Hume*, Martin S. Hume Co., L.P.A., 6 Federal Plaza Central, #905, Youngstown, OH 44503-1506 (For Plaintiff-Appellee/Cross-Appellant).

*Matthew M. Ries*, Harrington, Hoppe & Mitchell, Ltd., 108 Main Avenue, S.W., Suite 500, Warren, OH 44481 and *Neil D. Schor*, Harrington, Hoppe & Mitchell, Ltd., 26 East Market Street, #1200, Youngstown, OH 44503 (For Defendant-Appellant/Cross-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} On January 10, 2014, appellant/cross-appellee, Michael Chaffee, an individual, filed a notice of appeal from a January 10, 2014 entry of the Trumbull County

Court of Common Pleas. Appellee/cross-appellant, Stanley Zoldan, filed his cross-appeal on January 23, 2014.

{¶2} The record in the instant matter reveals that Zoldan filed a complaint on November 19, 2012, against the Village of Lordstown and Chaffee alleging malicious prosecution, abuse of process, defamation of character, and intentional infliction of emotional distress. On November 22, 2013, the Village of Lordstown and Chaffee filed a motion for summary judgment. In the January 10, 2014 entry, the trial court granted summary judgment on all of the claims against the Village of Lordstown on the grounds of sovereign immunity, but denied sovereign immunity to Chaffee. Instead, the trial court dismissed the defamation and intentional infliction of emotional distress claims as time-barred and permitted the malicious prosecution and abuse of process claims remaining to be adjudicated against Chaffee.

{¶3} On January 31, 2014, Chaffee filed a motion to dismiss with this court alleging that the cross-appeal should be dismissed because it did not involve a final, appealable order since the trial court granted judgment as to fewer than all of the claims in the case.

{¶4} Zoldan filed a memorandum in opposition to the motion to dismiss the cross-appeal on February 11, 2014. It is Zoldan's position that once the trial court's order became appealable for one party, it became appealable for all.

{¶5} Chaffee filed a reply in support of his motion to dismiss on the cross-appeal on February 18, 2014.

{¶6} Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim,

and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶7} This court has repeatedly held that where there are multiple claims and/or parties involved, an entry entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Meffe v. Griffin,* 11th Dist. No. 2012-T-0032, 2012-Ohio-3642, ¶11. *See also Elia v. Fisherman's Cove,* 11th Dist. No. 2010-T-0036, 2010-Ohio-2522, ¶6.

{¶8} Here, the trial court did not enter judgment on all of the pending claims and did not include the requisite Civ.R. 54(B) language in its January 10, 2014 entry. Instead, the trial court granted summary judgment as to six of the eight claims, permitting two claims to remain against Chaffee.

{¶9} We recognize that the trial court's order addresses the issue of immunity under R.C. 2744.02. R.C. 2744.02(C) states: "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Since R.C. 2744.02 does not include a similar provision for an order granting such immunity, it is still necessary to fulfill the requirements for a final order. *Clements v. Brimfield Twp. Police Dept.,* 11th Dist. No. 2013-P-0077, 2014-Ohio-247, ¶ 9.

3

**{¶10}** Therefore, Chaffee is able to appeal the trial court's entry permitting the two claims against him to proceed to trial because that portion of the trial court's order denies Chaffee the benefit of sovereign immunity, and is immediately appealable pursuant to the statute. However, in the cross-appeal, Zoldan is attempting to appeal the granting of the Village of Lordstown's motion for summary judgment, which is not a final order since the claims against Chaffee are still pending and the appealed entry did not contain the requisite Civ.R. 54(B) language.

**{¶11}** Based upon the foregoing analysis, Chaffee's motion to dismiss the cross-appeal is hereby granted since there is no final appealable order as to the cross-appeal. However, the appeal filed by Chaffee can proceed.

**{¶12}** Cross-appeal dismissed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.