[Cite as *State ex rel. Dewine v. Church of Troy*, 2018-Ohio-4273.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. MICHAEL DEWINE, ATTORNEY GENERAL OF OHIO, | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2018-G-0169** |
| - vs - | : | |
| CHURCH OF TROY, a.k.a. CHURCH AT TROY, et al., | : | |
| Defendants, | : | |
| STEPHEN BEATTY, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2013 M 000770.

Judgment: Appeal dismissed.

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; and *Janean R. Weber* and *Amanda M. Ferguson,* Assistant Attorney Generals, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Plaintiff-Appellee).

*Stephen Beatty,* pro se, 18777 Mumford Road, Garrettsville, OH 44231 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} On June 7, 2018, appellant, Stephen Beatty, filed a notice of appeal from a May 8, 2018 entry of the Geauga County Court of Common Pleas granting, inter alia,

injunctive relief in favor of appellee, Michael DeWine, the Attorney General of Ohio. For the reasons discussed in this opinion, the appeal is dismissed for lack of a final, appealable order.

{¶2} The May 8, 2018 judgment granted injunctive relief to appellee. The court further ordered defendant Church of Troy to provide written notice to the Ohio Environmental Protection Agency ("EPA") and the court of the persons responsible for the maintenance and operation of the well located on church property and the persons responsible for compliance with R.C. Chapter 6109, the Revised Code Chapter governing safe drinking water.

{¶3} We raise, sua sponte, and limit our review to the question of whether the order is final and appealable. Section 3(B)(2), Article IV of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders. "A final order 'is one disposing of the whole case or some separate and distinct branch thereof.'" *Riverside v. State*, 190 Ohio App.3d 765, ¶9 (10th Dist.), quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971).

{¶4} In determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, the order must meet the definition of final set forth in R.C. 2505.02. Second, we must determine whether Civ.R. 54(B) applies and whether its requirements are met. For an order to be final and appealable, both prongs of the test must be met. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989); *Riverside, supra*.

{¶5} Assuming the first prong is met, we consider the second. Civ.R. 54(B) provides that:

2

{¶6}    When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.  In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. *Id*.

{¶7}    This court has consistently held that when there are multiple claims and/or parties involved, an entry that enters final judgment as to fewer than all of the claims is not a final appealable order absent expressly stated Civ.R. 54(B) language declaring "no just reason for delay."  *See State ex rel. DeWine v. Deer Lake Mobile Park, Inc.* 11th Dist. Geauga No. 2012-G-3119, 2013-Ohio-637, ¶5; *Girard v. Leatherworks Partnership*, 11th Dist. Trumbull No. 2001-T-0138, 2002-Ohio-7276, ¶17; *Kessler v. Totus Tuus, L.L.C.*, 11th Dist. Ashtabula No. 2007-A-0028, 2007-Ohio-3019, ¶7.  *See also State ex rel. A & D Ltd. Partnership v. Keefe*, 77 Ohio St.3d 50, 56 (1996).

{¶8}    Compliance with Civ.R. 54(B) is not required to make the judgment final and appealable when the effect of the judgment renders moot the remaining claims. *Keefe, supra*, at 57, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 21 (1989).  Here, however, the trial court's entry did not moot the remaining claims but merely enjoined one defendant, Church of Troy, from violating R.C. 6109 and ordered the Church of Troy to name the persons responsible for compliance with R.C. 6109.  The Attorney General's prayer for civil penalties remains unaddressed.  Furthermore, the claims against Stephen Beatty and James Beatty individually are

3

unaddressed. Although it could be argued that the claims against Stephen Beatty and James Beatty were resolved by including them in the judgment as "persons who are members of the Church at Troy or who attend services and activities at the Church at Troy," Stephen Beatty and James Beatty were named individually in the complaint but not in the judgment. Outstanding issues remain as to their individual roles and liability. Indeed, upon the Church of Troy's compliance with the judgment, it may choose to name Stephen Beatty and/or James Beatty as the responsible party, which the trial court may consider when resolving the outstanding claims against them.

{¶9} Therefore, because the trial court entry did not address the civil penalties or the claims against Stephen Beatty and James Beatty, nor did the entry render moot the outstanding claims, and because the trial court entry did not contain the required Civ.R. 54(B) language, it is not a final, appealable order.

{¶10} Accordingly, this court lacks jurisdiction to review this matter and the instant appeal is sua sponte dismissed.

TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.